l-i JONES, Judge.
This case arises out of factoring agreements entered into between the parties. Plaintiff/Appellee, Commerce Funding Corporation, devolutively appeals the judgment of the district court granting Defendant’s/Appellant’s, Lewis Plumbing and Heating, Inc. and Joseph Walter Lewis, Jr.’s, Motion to Dismiss for Abandonment. Commerce Funding Corporation sought enforcement of the factoring agreements and the district court dismissed the case with prejudice. We amend the judgment of the district court and affirm as amended.
Facts/Procedural History
Commerce Funding Corporation (hereinafter “CFC”), Lewis Plumbing and Heating, Inc. and Joseph Walter Lewis, Jr. (hereinafter “Lewis”) entered into factoring agreements whereby CFC would advance 80% of Lewis’ outstanding receivables as a factoring agent for Lewis in consideration for a percentage charge of 1.50% over a fifteen day period for processing total invoice amounts on a monthly basis. Mr. Lewis was named as a co-defendant because he guaranteed performance on behalf of the plumbing and heating company. According to CFC’s original petition entitled “Petition on Factoring Agreements and to Enforce ^Guarantee”, more than 90 days had elapsed from the date of each of the factored invoices and Lewis had failed and refused to abide by the terms of the agreement.
CFC filed suit against Lewis in Civil District Court for the Parish of Orleans on February 24, 1997. Service of Process was issued on Lewis; however, Lewis relocated and the sheriff was unable to serve the petition. No action was taken on the *1204 suit until June 2, 2000 when Lewis filed a Motion to Dismiss for Abandonment. The district court granted the defendant’s motion and dismissed the suit. An order was prepared by Lewis and presented to the district court. The order was signed on June 2, 2000 and provided that the action be dismissed with prejudice. It is from this judgment that CFC devolutively appeals.
Argument
At the outset we note that the issue of prescription raised by Lewis is not properly before this Court. Lewis filed no formal exception in the district court, and this Court will not address whether or not the cause of action has prescribed.
The parties are not disputing that the Orleans Parish suit was properly deemed abandoned under La. C.C.P. art. 561(A), which provides in pertinent part:
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years...”
In the instant case, the original suit was filed February 24,1997 and no other action or “step” was taken until Lewis sought to dismiss the action in June of 2000.
The sole issue on appeal is whether the district court erred in dismissing CFC’s action for abandonment with prejudice. CFC argues that the judgment was improper because CFC has a right to reinstate litigation against Lewis since this is La personal action that had not yet prescribed. Lewis, on the other hand, argues that the action prescribed in three years.
La. C.C.P. art 561 is silent as to whether an action shall be dismissed with or without prejudice, therefore we rely on DeSalvo v. Waguespack, 187 So.2d 489 (La.App. 4th Cir.1966), which provides that “... abandonment which results as a legal consequence of a plaintiffs failure to take any action in his suit during a period of five years merely bars his right to continue with the prosecution of that suit. It does not prevent his bringing another suit for the same cause of action; but, if he brings another suit for the same cause of action, the question whether his right of action is barred by prescription must be determined as if no suit had been theretofore brought.” (Emphasis added). In Burglass v. Waguespack, as in the instant case, appellant appealed the district court’s dismissal of her action with prejudice and it was determined that her cause of action had not yet prescribed. We amended the decision of the district court to remove the language “with prejudice” from the judgment. Although abandonment now occurs after three years as opposed to five years, the decision in Burglass has been favorably relied on in other Circuits, those cases including: Total Sulfide Services, Inc. v. Secorp Industries, Inc., 96-589 (La.App. 3 Cir. 12/11/96), 685 So.2d 514; St. Tammany Parish Sewerage District No. 7 v. Monjure, 95-0937 (La. App 1 Cir. 12/15/95), 665 So.2d 801; Simmons v. Dixon, 306 So.2d 67, 69 (La.App. 1 Cir.1974) and McClure v. A. Wilbert’s Sons Lumber & Shingle Co., 232 So.2d 879, 885 (La.App. 1 Cir.1970).
We are also of the opinion that in order for the district court to dismiss an action with prejudice, the parties should have been allowed the benefit of a contradictory hearing under La. C.C.P., art 561(2):
14“This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment... .However, the trial court may direct that a contradictory hearing be held prior to dismissal ” (Emphasis added).
*1205 The district court held no contradictory hearing on Lewis’ Motion to Dismiss for Abandonment which would have afforded CFC the opportunity to present its objection to prohibiting them from subsequently bringing another action against Lewis. Thus, relying on La. C.C.P. art 561(2) and the reasoning in Burglass v. Waguespack, CFC should have been afforded a contradictory hearing on Lewis’ Motion to Dismiss.
Decree
After review of the record and for the foregoing reasons, we find that the district court erred in dismissing appellant’s case with prejudice. The judgment appealed from is amended to remove the language “with prejudice” employed by the district court and said judgment shall be affirmed as amended.

AMENDED AND AFFIRMED AS AMENDED.