ROLAND L. BELSOME, Judge.
11 Plaintiffs-Appellants appeal the trial court’s dismissal without prejudice for failure to timely respond to discovery requests. For the reasons that follow, we reverse and remand.

FACTS AND PROCEDURAL HISTORY

Appellees, DTG Operations, Inc.[1] (“DTG”) propounded Interrogatories and Request for Production of Documents *835 upon Plaintiffs-Appellants on July 16, 2009. At various times between August and November of 2009, counsel for DTG inquired as to the status of the discovery requests. On December 8, 2009, DTG’s counsel issued correspondence informing counsel for Appellants that if no discovery responses were received by December 15, 2009, a Motion to Compel would be filed. No response was received; on January 10, 2010, counsel for DTG served Appellants with a Motion to Compel. The hearing on the motion was set for April 23, 2010.
At the hearing on April 23, 2010, counsel for Appellants informed the court that he had been unable to locate his clients, resulting in the delayed response to DTG’s discovery requests. Counsel for Appellants requested an additional fifteen 12days to respond to the discovery requests, which the trial court granted. The trial court advised counsel for Appellants that if discovery responses were not received within fifteen days, the case would be dismissed. Counsel for DTG filed a Motion to Dismiss on May 12, 2010, and the trial court dismissed the suit without prejudice on May 14, 2010. On June 18, 2010, counsel for Appellants filed a Motion for New Trial, which was denied on June 22, 2010. This appeal followed.
STANDARD OF REVIEW
A trial court’s grant of dismissal without prejudice is reviewed under the abuse of discretion standard. Cantuba v. American Bureau of Shipping, 08-0497, p. 2 (La.App. 4 Cir. 6/3/09), 31 So.3d 397, 399, on reh’g (1/13/10) writ denied, 2010-0320 (La.4/16/10), 31 So.3d 1065 (citing Ridgeway v, Pierre, 2006-0521, p. 4 (La.App. 4 Cir. 1/11/07), 950 So.2d 884, 888).
DISCUSSION
Counsel for Appellants assigns as error the trial court’s grant of Appellees’ order of dismissal and the denial of counsel for Appellants’ motion for new trial, arguing that counsel for DTG improperly filed an ex parte motion for dismissal. Specifically, counsel for Appellants submits that a contradictory hearing should have been held on the motion to dismiss.
Although La.Code Civ. Proc. art. 1471 provides that dismissal is a remedy available to courts for a party’s failure to comply with court-ordered discovery,[2] the Louisiana Supreme Court has recognized that dismissal is a draconian penalty and |3is thus reserved for only the most culpable conduct. Cantuba, 31 So.3d at 412 (citing Horton v. McCary, 93-2315, p. 9 (La.4/11/94), 635 So.2d 199, 203) “Dismissal is generally appropriate when the client, as well as the attorney, is at fault, and the record must evidence that the failure was due to willfulness, bad faith, or fault of the noncompliant party.” Id.
Pursuant to Horton v. McCary, the four factors to be considered when dismissal is granted for failure to comply with discovery are: 1) whether the violation was willful or resulted from an inability to comply; 2) whether less drastic sanctions would be effective; 3) whether the violations prejudiced the opposing party’s trial preparation; and 4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. Horton, p. 11, 635 So.2d at 203.
In this case, the record does not evidence that the client was at fault for the noneompliance, nor does the record evi *836 dence that the client participated in the violation. See Horton, 635 So.2d at 203; Cantuba, 31 So.3d at 413. Furthermore, we find that the trial court erred in failing to hold a contradictory hearing on the motion to dismiss under these particular facts and circumstances. See La.Code Civ.Proc. art. 963; Medical Review Panel Proceedings of Peter v. Touro Infirmary, 2005-0317 (La.App. 4 Cir. 7/6/05), 913 So.2d 131; Commerce Funding Corp. v. Lewis Plumbing & Heating, Inc., 00-1883, p. 4 (La.App. 4 Cir. 5/23/01), 788 So.2d 1203, 1205.[3] Accordingly, the matter must be remanded to the trial court for a contradictory hearing.
| ¿CONCLUSION
For the foregoing reasons, the trial court’s judgment granting the dismissal with prejudice is reversed. The matter is hereby remanded to the trial court for a hearing on the motion to dismiss filed by DTG.
REVERSED AND REMANDED.

. Dollar-Thrifty Automotive Group, Inc., was dismissed without prejudice from the suit on October 23, 2008.

. La.Code Civ. Proc. art. 1471 provides, in pertinent part: If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others any of the following: (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

. Although Medical Review Panel Proceedings and Commerce involved a dismissal with prejudice, we find that the same reasoning applies here. In Commerce, this Court considered whether the trial court erred in dismissing an action for abandonment with prejudice without first holding a contradictory hearing. Commerce, p. 4, 788 So.2d at 1205. In concluding that the trial court should have held a contradictory hearing, we recognized that a hearing before dismissal would have afforded the plaintiff an opportunity to present its objection to prohibiting them from subsequently bringing another action against the defendant. Id.