No. 3446

Second Circuit

SELIGMAN ET AL. v. G. A. SCOTT & BROTHER

(May 20, 1931.  Opinion and Decree.)
(July 14, 1931.  Rehearing Refused.)
(October 5, 1931.  Writs of Certiorari and Review Refused by Supreme Court.)

Frank W. Hawthorne and W. Dan Files, of Bastrop, attorneys for plaintiffs, appellees.

Hudson, Potts, Bernstein & Sholars and Theus, Grisham, Davis & Leigh, of Monroe, attorneys for defendants, appellants.

McGREGOR, J. This suit was filed September 21, 1915, default was entered October 6, 1915, answer was filed on October 8, 1915, and trial was had on December 6 and 7, 1915. The case then lay dormant for nearly fourteen months until February 5, 1917, when a written motion was filed in open court by counsel for plaintiff, setting forth that one of the defendants had died since the trial and asking that the legal heirs and representatives of the deceased be made parties to the suit. The next four minute entries in the case are as follows:

March 6, 1922. Motion to fix cause for trial filed. (This was a written motion, but no action was taken on it.)

November 6, 1922. Case fixed for Thursday, November 9, 1922.

November 9, 1922. Case submitted without argument on behalf of plaintiff, with right reserved to defendants' counsel to argue the case.

December 5, 1922. Motion for dismissal on plea of prescription. (This motion was based on plaintiff's failure to prosecute for a period of five years, under Act 107 of 1898.)

It is apparent that the five years had elapsed from February 5, 1917, the date of the filing of the motion by plaintiff to make the heirs of one of the deceased defendants parties to the suit, until March 6, 1922, when the plaintiff filed a written motion to have the case set for trial. No action was taken by the court on the motion, so on November 6, 1922, the case was formally set for argument on November 9, 1922, on which date the plaintiff submitted it without argument. The defendant did not argue the case, but on December 5, 1922, filed the motion to dismiss for want of prosecution for five years.

Taking the extract from the minutes of the court as a guide, the motion to dismiss appears good, but the plaintiff calls our attention to the fact that when the motion of February 5, 1917, was filed it was necessary that citations be served on those sought to be made parties to the suit, and that these citations were issued on March 20, 1917, and served on March 24 and 26, 1917, respectively. It is contended that this action of the clerk in issuing the citations and of the sheriff in serving them were "steps" taken in the "prosecution of the suit by the plaintiff." If they were, then the motion of the defendant to dismiss was not good and was properly overruled.

Article 3519 of the Civil Code of 1870 was amended by Act 107 of 1898, for the purpose of making certain that which had been uncertain. Up to and before the time of the amendment, it was the law that no suit could be prosecuted after it had been discontinued or abandoned. It was certain and known to all when a case could be claimed as having been discontinued, but there was doubt as to when it should be considered as having been abandoned. Act 107 of 1898, made this clear and certain by declaring that:

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

No action taken by any person other than the plaintiff can have the effect of keeping this abandonment from taking place, except that the defendant can waive it by definite action on his part. Nothing that the sheriff or clerk or any other officer does or fails to do can have any effect on the abandonment one way or the other. Plaintiff's contention is that, because of the clerk delaying to issue the citations from February 5, 1917, until March 20th of that same year, they have the right to profit by this delay. If the clerk had issued the citations promptly, and if they had been served promptly, it is certain that the citations would have been served and returned before March 6, 1917, and the motion to dismiss would have to be sustained. If the filing of the motion to make new parties had been toward the end of a five-year period, and if, in order to count five years without any steps having been taken by the plaintiff in the prosecution of the suit, the defendant had shown that, although the motion had been filed within the five-year period, the citations were issued and served after it had run, the plaintiff in that case would successfully contend that, when it filed the motion, it had taken the necessary "step" in the "prosecution" to keep abandonment from being presumed or "considered." It could and would be successful in contending that the issuing and serving of the citations were not "steps" taken by the plaintiff. To hold with plaintiff in its contention in this case would be tantamount to holding that a party to a suit can take advantage of his own faults and delays, for it could easily be supposed that a plaintiff might deliberately cause the officers of the court to delay the performance of their duties in issuing and serving the citations. Whenever an appeal is taken on written motion of the appellant, and a citation of appeal is necessary and prayed for, the appellant is not held responsible for the failure of the officers of the court to issue and serve the same if he does all that is required of him in the matter of perfecting the appeal and lodging the case in the appellate court within the required time. So, in the present case the plaintiff took a "step" in the "prosecution" of this suit when it filed the motion to bring in new parties. It could not be held responsible for the failure of the officers of the court in their delay in issuing and serving the citations based on its motion, nor can it be permitted to take advantage of the same.

In their brief, counsel for plaintiff contend that the situation presented in this case is analogous to the interruption of prescription by the filing of a suit, in that prescription is not interrupted by the mere filing of the petition, but only takes place when the defendant is cited to appear and answer. We do not think that the cases are analogous. When a defendant succeeds in having a suit dismissed for the want of prosecution during a period of five years, that does not necessarily defeat the plaintiff's right of action, for it might well be that his right of action has not yet prescribed. If a party permits five years to elapse without taking any "steps" in the "prosecution" of his suit, the defendant can have that suit dismissed, even though the plaintiff could bring another suit the next day if prescription has not run against the right for which he is suing. So it is clear that this is not what might be termed a five-year prescription, pure and simple. Under the express terms of the act, in order for the plaintiff to defeat the effort of a defendant to have his suit dismissed for lack of prosecution during a period of five years, it is necessary that the plaintiff himself take some active "steps," and that

is all that is necessary. The question of a clerk or sheriff following up this "step" of the plaintiff with whatever is necessary for them to do can have no effect whatever on the rights of the plaintiff.

For the reasons assigned, the judgment appealed from is annulled and reversed; and it is ordered, adjudged, and decreed that the defendants' motion to dismiss plaintiffs' suit on account of failure by the plaintiffs to take any step in the prosecution thereof for a period of five years be and the same is hereby sustained, and that the said suit be and it is hereby dismissed, the plaintiffs to pay the costs in both courts.