(136 So. 572)

**LOSCH v. GRECO.**

No. 31305.

July 17, 1931.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for relator.

E. M. Robbert, of New Orleans, for respondent.

O'NIELL, C. J.

[1] In October, 1925, Miss Elizabeth Losch sued Thomas Greco for damages for personal injuries. In November, 1925, he filed an exception of no cause or right of action. No further proceedings were had in the case until the 21st of April, 1931, when Miss Losch's attorney filed a motion to have the exception of no cause or right of action fixed for trial; whereupon the attorneys for the defendant, Greco, obtained a rule upon the plaintiff to show cause why the suit should not be dismissed for having been abandoned, because the plaintiff had allowed five years to elapse without taking any action in the prosecution of her suit. The motion to dismiss the suit was founded upon article 3519 of the Civil Code, which, as amended by Act 107 of 1898, p. 155, reads:

"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption [of prescription] shall be considered as having never happened.

"Whenever the plaintiff, having made his demand shall at any time before obtaining final judgment allow five years to elapse with-

out having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

The plaintiff, answering the rule to show cause why her suit should not be dismissed, pleaded that article 3519 of the Civil Code was applicable only to the prescription acquirendi causa, or to suits for the ownership or possession of property, and that the second paragraph of the article was unconstitutional in so far as the Legislature might have intended it to be applicable also to prescription liberandi causa, or to an action founded upon a debt.

Before article 3519 of the Code was amended by the act of 1898, it consisted only of the first paragraph, which we have quoted. The amendment, by the act of 1898, consisted merely in the adding of the second paragraph, declaring what period of silence on the part of the plaintiff in a suit should be deemed an abandonment of the suit. The title of the act of 1898 is merely, "To amend and re-enact Article 3519 of the Revised Civil Code of 1870." That article is in a section of the Code (section 2 of chapter 3 of title XXIII) which deals only with the causes which interrupt the prescription by which the ownership of property is acquired. Hence the plaintiff contends that, inasmuch as the Constitution (article 3, § 16) requires that a statute shall have only one object and a title indicative of its object, the act of 1898 would be unconstitutional if its object or purpose was to do anything more than to limit the time in which the mere pendency of a suit should interrupt the prescription by which the ownership of property is acquired. The judge of the civil district court did not adopt exactly that view of the case, but held that the effect of the plaintiff's failure to take any action in the case for a period exceeding five years was, under the act of 1898, to make a plea of prescription

as applicable to the cause or right of action as if no suit had been filed. Hence the judge overruled the defendant's motion to dismiss the suit, but declared that a plea of prescription of one year (under article 3536 of the Code), in bar of a right of action for damages arising ex delicto, would be in order.

Inasmuch as article 3519 of the Code deals only with the causes which interrupt the prescription by which the ownership of property is acquired, the act of 1898, the object of which was merely to amend and re-enact that article, would not be applicable to an action founded upon a debt, were it not for the fact that article 3551 of the Code, in the section entitled, "Of the Prescription which operates a Release from Debt," declares:

"The prescription releasing debts is interrupted by all such cases [meaning causes] as interrupt the prescription by which property is acquired," etc.

Hence it is not doing violence to the sixteenth section of article 3 of the Constitution, to say that Act 107 of 1898, the object of which was declared in its title to be merely to amend and re-enact article 3519 of the Civil Code, is, by virtue of article 3551 of the Code, applicable to actions which are subject to the prescription liberandi causa, as well as to actions which are subject to the prescription acquirendi causa. It was so said in Teutonia Loan & Building Co. v. Connolly, 135 La. 401, 63 So. 63, viz.:

"Plaintiff shows that the two articles [3518 and 3519] just quoted are found in section 2 of chapter 3, under the heading, 'Of Prescription,' treating 'of the causes which prevent the prescription tending to the acquisition of the ownership of property,' and it argues that the language of said articles plainly refers to a suit for the possession of property, and not to a suit on a mortgage note.

"But turning to section 6 of the Code, which treats 'of the rules relative to the prescription operating a discharge from debts,' there is found article 3551, reading as follows:

" 'The prescription releasing debts is interrupted by all such cases as interrupt the prescription by which property is acquired, and which have been explained in the first section of this chapter.

" 'It is also interrupted for the causes explained in the following articles.'

"The law thus makes applicable the same rule to both prescription acquirendi causa and liberandi causa; and we have consistently made this application. * * *

"Plaintiff argues that inasmuch as the mortgage sued upon by it is not prescribed that it will be useless to dismiss its suit on the ground of abandonment; that it can renew its suit immediately after dismissal. The only question presented to the court for consideration is whether this suit has been abandoned by plaintiff or not; the question of prescription is not before us, and we make no ruling with reference to it.

"As the present suit falls within the terms and meaning of the statute enacted for the purpose of determining when a suit is abandoned, and as no further proceedings can be had with reference to a suit declared to have been abandoned than to strike it from the docket, there is no error in the judgment appealed from."

In Lockhart v. Lockhart, 113 La. 874, 37 So. 860, it was said, after quoting articles 3518 and 3519 of the Code:

"The amendment, therefore, consists of a distinct clause declaring under what circumstances a suit shall be considered abandoned. It was unnecessary to declare under what circumstances a suit should be considered discontinued, because it is commonly understood that such a result is accomplished when the plaintiff appears in court and voluntarily withdraws it; but the matter of abandonment was one of interpretation, depending upon circumstances and conduct, and subject to no fixed rule. It was therefore, as we think, the purpose of the General Assembly to substitute certainty for uncertainty, and, it being known when a suit is no longer pending in a court because of its having been discontinued, to make it known when it is no longer pending in court because of its having been abandoned."

In Charbonnet v. State Realty Co., 155 La. 1049, 99 So. 865, 867, it was said:

"The amended article [3519 of the Civil Code], when read in connection with the subject-matter of the section and of the article 3518 immediately preceding it, clearly means that a suit which has been abandoned for nonaction during a period of five years does not constitute a legal interruption to the course of prescription, and its effect is to leave a plaintiff in the same position that he would occupy if he had not instituted the suit."

In other words, the abandonment which results as a legal consequence of a plaintiff's failure to take any action in his suit during a period of five years merely bars his right to continue with the prosecution of that suit. It does not prevent his bringing another suit for the same cause of action; but, if he brings another suit for the same cause of action, the question whether his right of action is barred by prescription must be determined as if no suit had been theretofore brought.

Our conclusion is that the relator in this case is entitled to have the plaintiff's suit dismissed, as having been abandoned.

The alternative writ of mandamus, or rule to show cause, heretofore issued, is now made peremptory, and, accordingly, the respondent judge, is directed to dismiss the suit of Miss Elizabeth Losch v. Thomas Greco, as having been abandoned, at her cost. She is to pay also the costs of this mandamus proceeding.