Rayford J. WRIGHT and National Surety Corporation, Intervenor, Appellants,

v.

LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellee.

No. 16066.

United States Court of Appeals Fifth Circuit.

Feb. 27, 1957.

Rehearing Denied April 12, 1957.

Edward Dubuisson, Dubuisson & Dubuisson, Opelousas, La., for plaintiff-appellant.

A. V. Pavy, Opelousas, La., for National Surety Corporation, intervenor-appellant.

H. L. Hammett, New Orleans, La., Hammett & Bertel, New Orleans, La., for appellee.

Before BORAH, TUTTLE and CAMERON, Circuit Judges.

BORAH, Circuit Judge.

The question involved on this appeal is whether the District Court committed

error in dismissing the action for want of prosecution. For a clear understanding of the problem at hand, it would appear in order that we set forth in brief the events leading up to the judgment of dismissal.

This action was brought in the District Court for the Western District of Louisiana solely on the grounds of diversity of citizenship. Rayford J. Wright, on March 25, 1948, instituted it there when he filed suit under the Louisiana Direct Action Statute, LSA–R.S. 22:655, against the New Amsterdam Casualty Company, the insurer of Pierson Construction Company, to recover damages for personal injuries sustained by him as a result of the insured's alleged negligence. Following the institution of suit, National Surety Corporation, the workmen's compensation insurance carrier for plaintiff's employer, intervened to assert its subrogation claim for recovery of an amount which it had paid to plaintiff. The defendant filed its answer to the complaint on June 2, 1948, and to the intervention on September 13, 1948, but no further steps were taken in the prosecution of the suit for almost six years. On July 8, 1954, the district judge entered the following order: "This action having been filed on March 25, 1948, no forward steps in its prosecution having been taken for more than three years; and in order to clear the docket of this Court; it is ordered, adjudged and decreed that this action be and it is hereby dismissed. If good cause be shown, within ten (10) days from this date, this action may be reinstated upon the docket of this Court." [1] Thereafter and on July 16, the Court by letter-order to the Clerk reinstated the cause on the docket and recalled its previous order of dismissal. Approximately eight months after the case had been reinstated on the docket, the defendant filed a supplemental answer and a motion to dismiss, alleging in both pleadings the common ground that plaintiff's cause of action and demand were prescribed under the laws of Louisiana, and more particularly under LSA–Civil Code Articles 3519 and 3536, inasmuch as more than five years had elapsed without any steps having been taken in the prosecution of the demand. The motion was granted and judgment entered dismissing the action without prejudice on the ground that the Court was bound, under Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, to apply Article 3519 of the LSA–Civil Code, and to strike the case from the docket since five years had elapsed without the plaintiff's having taken any steps in the prosecution of the cause.[2] This appeal followed.

Appellant rightly concedes that the court would have had the discretionary power to dismiss the suit for failure to prosecute either under its inherent powers which the court may exercise on its own motion, or pursuant to a motion filed under Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. but vigorously insists that the court erred in refusing to exercise its discretionary powers and in holding that it was bound to dismiss under state law.

This argument, we think, is predicated in part upon appellant's assumption that the motion invoked the exercise of the court's discretion, whereas, and as the trial court correctly found, all that was presented for the court's decision was whether the court was bound to apply the applicable law of Louisiana which declares that a suit must be considered as abandoned if no steps in the prosecution thereof are taken for five years. However, we do agree with appellant that the court erred as a matter of law in granting the motion on the ground that the governing principles enunciated

---

1. In its memorandum opinion, the Court stated that after entry of the July 8, 1954 order dismissing the suit, plaintiff's attorney wrote a letter to the Court requesting that the case be reinstated, but that letter does not appear in the record on this appeal.

2. The District Court's opinion is reported in 134 F.Supp. 715, 717.

in Guaranty Trust Co. of New York v. York, supra, required the application of Article 3519, "an integral part of the statute of limitations," by a federal court sitting in Louisiana. We do not think that the Guaranty Trust case or Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, on which the District Court also relied, either required or contemplated this result. All that was held in Guaranty Trust was that a federal court adjudicating a state-created right in a diversity case cannot afford recovery if a state statute of limitations would have barred recovery had the suit been brought in a court of the state. In the Ragan case, the state statute invoked by the defendant was clearly an "integral part of the statute of limitations" in that it required actual service of summons on the defendant within the prescriptive period to effectuate a legal interruption of prescription. And the Supreme Court, following Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Guaranty Trust Co. of New York v. York, supra, there pointed out that inasmuch as the *cause of action* sued upon was created by local law, it accrues and comes to an end when local law so declares, and that consequently in a diversity case a federal court "must follow suit." Accordingly, the court held that recovery must be denied since service had not been made in the federal suit prior to the running of the limitation period.

 While in the instant case it is true that Articles 3516 through 3520 of the LSA–Civil Code, which treat "Of The Causes Which Interrupt Prescription," must be read in *pari materia,* it by no means follows that Article 3519 affects the cause of action or that it is "an integral part of the state statute of limitations" within the meaning of the Guaranty Trust and Ragan cases. And we think this conclusion is fully warranted, for the Louisiana decisions interpreting the article clearly hold that a dismissal for want of prosecution does *not* affect the cause of action and con-

stitutes no bar to a subsequent suit on the same cause of action. Charbonnet v. State Realty Company, 155 La. 1044, 99 So. 865; Losch v. Greco, 173 La. 223, 136 So. 572; Seligman v. G. A. Scott & Bro., 17 La.App. 486, 134 So. 771. In other words and as was stated in Losch v. Greco, supra [173 La. 223, 136 So. 573], "the abandonment which results as a legal consequence of a plaintiff's failure to take any action in his suit during a period of five years merely bars his right to continue with the prosecution of that suit. It does not prevent his bringing another suit for the same cause of action; but, if he brings another suit for the same cause of action, the question whether his right of action is barred by prescription must be determined as if no suit had been theretofore brought."

In the light of the foregoing, it follows that the District Court erred in dismissing the action.

Reversed.