187 So.2d 489 (1966)
Anna S. BURGLASS, divorced wife of Joseph DE SALVO
v.
F. Poche WAGUESPACK, Waguespack Pratt, Inc., and Tess M. Crager, as Executrix of the Succession of Robert L. Crager.
No. 2265.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1966.
*490 George M. Leppert, New Orleans, for plaintiff-appellant.
Legier, McEnerny & Waguespack, W. J. Waguespack, Jr., Lemle & Kelleher, Charles Kohlmeyer, Jr., James A. Churchill, New Orleans, for defendant-appellee.
Before McBRIDE, CHASEZ and HALL, JJ.
McBRIDE, Judge.
Plaintiff instituted this suit on December 31, 1958 against the three defendants demanding an accounting and for a money judgment for certain real estate commissions allegedly due her. Answers were filed by all defendants on or prior to February 16, 1959. The certificate of the clerk of the district court shows that no steps were taken by any party in the matter in its prosecution or defense for a period in excess of five years after the date of the filing of the last answer. The next docket entry subsequent to February 16, 1959 is dated June 29, 1965, and shows the filing by plaintiff of a motion to substitute attorneys of record and to place the case on the call docket. Subsequently, defendants served rules of plaintiff to show cause why the action should not be dismissed pursuant to C.C.P. art. 561. The trial judge made the rules absolute and rendered judgment dismissing plaintiff's action with prejudice, from which judgment she has taken this appeal.
The pertinent part of C.C.P. art. 561 reads thus:
"An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment."
Appellant's first contention is invalid. The taking of discovery depositions by agreement of counsel outside of court and without formal order, which were not filed in the record, would not constitute a step in the prosecution or defense of the action and is ineffective to interrupt the running of the crucial five-year period. DeClouet v. Kansas City Southern Railway Company, La.App., 176 So.2d 471, certiorari denied 248 La. 383, 178 So.2d 662, with the per curiam "Writ refused. There appears no error of law in the judgment complained of".
Appellant, in the alternative, advances the contention that the judgment appealed from should not have dismissed her action with prejudice. According to C.C.P. art. 1673 a judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. Nowhere in C.C.P. art. 561 is there any authorization granted a trial judge to dismiss an action with prejudice. The applicable provisions of the article in question are sui generis and are unlike and not to be considered in connection with any other article in the Code of Civil Procedure. Contrary to appellees' argument neither C.C.P. art. 1671 nor 1672 is in pari materiae. This *491 is recognized by official comment (d) beneath C.C.P. 1672 reading:
"Another form of involuntary dismissal is abandonment by lack of prosecution for five years. However, in view of Art. 561, supra, no recognition of involuntary dismissal by abandonment is required here."
Article 1671 deals with the voluntary dismissal of an action upon the application of the plaintiff and art. 1672 applies where the involuntary dismissal of an action is made upon application of any party when the plaintiff fails to appear on the day set for trial. C.C.P. art. 561 by its terms is self operative without formality, and there being no language to the contrary the abandonment contemplated by the article does not have the force of res judicata. We cannot believe that the Legislature intended that when the action is abandoned for lack of prosecution or defense for five years that a plaintiff would be put at a greater disadvantage merely because at the behest of his adversary the court by order confirms the abandonment. The provisions of the article should not be enlarged by implication so as to empower the court upon confirmation of the abandonment to enter an order of dismissal having the effect of a final judgment of absolute dismissal after a trial. The trial court erred in adding the words "with prejudice" to its judgment of dismissal.
The predecessor of C.C.P. art. 561 was R.C.C. art. 3519 which, prior to the amendment of 1954, read as follows:
"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."
In City of New Orleans v. Westwego Canal & Term. Co., 206 La. 450, 19 So.2d 201 (decided in 1944), our Supreme Court said:
"In any event, suits dismissed for want of prosecution under the provisions of Article 3519 of the Revised Civil Code do not decide any issues in controversy and cannot, therefore, form the basis of a plea of res adjudicata. Charbonnet v. State Realty Co., Ltd., 155 La. 1044, 99 So. 865; Franek v. Turner, 164 La. 532, 114 So. 148; and Losch v. Greco, 173 La. 223, 136 So. 572, 573. As was stated in the Losch case, `In other words, the abandonment which results as a legal consequence of a plaintiff's failure to take any action in his suit during a period of five years merely bars his right to continue with the prosecution of that suit. It does not prevent his bringing another suit for the same cause of action; but, if he brings another suit for the same cause of action, the question whether his right of action is barred by prescription must be determined as if no suit had been theretofore brought.'"
See also Seligman v. G. A. Scott & Bro., 17 La.App. 486, 134 So. 771. We are cognizant that our conclusion conflicts with the result in LeBlanc v. Thibodaux, La.App., 162 So.2d 753, whereby the appellate court dismissed an action with prejudice under C.C.P. art 561, an action in which no steps had been taken in its prosecution or defense in the lower court for five years. With all due respect we think our brothers of the First Circuit were in error.
The judgment appealed from is amended so as to delete therefrom the words "with prejudice" and as thus amended and in all other respects the judgment is affirmed. Appellees are to pay the costs of this appeal.
Amended and affirmed.