685 So.2d 514 (1996)
TOTAL SULFIDE SERVICES, INC., Plaintiff-Appellant,
v.
SECORP INDUSTRIES, INC., Defendant-Appellee.
No. 96-589.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1996.
David Allen Blanchet, Lafayette, for Total Sulfide Services, Inc.
D. S. Fitzgerald Jr., Herman C. Hoffman Jr., Daria L. Burgess, New Orleans, for Secorp Industries, Inc.
Before THIBODEAUX, COOKS and GREMILLION, JJ.
COOKS, Judge.
Total Sulfide Services Inc. appeals the trial court's judgment dismissing its suit "with prejudice" against defendant on the grounds of abandonment. Plaintiff argues the suit should have been dismissed "without prejudice." For the following reasons, we amend the judgment of dismissal to delete the phrase "with prejudice."

FACTS
Plaintiff, in July of 1988, instituted an action entitled "Petition for Breach of Contract, Monies Due and Damages" against defendant, Secorp Industries, Inc. Plaintiff alleged in the petition that it executed two contracts with defendant, dated December 1, 1986, and February 18, 1987, and that defendant breached the terms of both contracts.
On November 7, 1995, defendant filed a "Motion and Order to Dismiss Suit on Grounds of Abandonment" with prejudice. At the hearing on the "Motion to Dismiss", plaintiff did not oppose the defendant's abandonment contentions. Therefore, the trial court rendered a judgment dismissing plaintiff's suit with prejudice. This appeal followed.

ANALYSIS
On appeal, plaintiff does not object to the trial court's dismissal of the suit on grounds of abandonment pursuant to La.Code Civ.P. art. 561. Rather, the issue raised by plaintiff attacks the trial court's authority to dismiss the case with prejudice. Article 561 is silent on whether such dismissal shall be with or without prejudice.
The Fourth Circuit in De Salvo v. Waguespack, 187 So.2d 489 (La.App. 4 Cir.1966) noted article 561 does not specifically grant the trial court authority to dismiss an action for failure to prosecute with prejudice. Therefore, that court held abandonment dismissals should be issued without prejudice.
*515 The First Circuit in St. Tammany Parish Sewerage District No. 7 v. Monjure, 95-937, p. 3 (La.App. 1 Cir. 12/15/95); 665 So.2d 801, 802 citing De Salvo with approval, further explained:
Since none of the issues in controversy are decided when a suit is dismissed for want of prosecution, the dismissal pursuant to LSA-C.C.P. art. 561 would not prevent the sewerage district from bringing another suit for the same cause of action and cannot form the basis of a plea of res judicata. City of New Orleans v. Westwego Canal & Terminal Co., Inc., 206 La. 450, 19 So.2d 201, 201-202 (1944); McClure v. A. Wilbert's Sons Lumber & Shingle Company, 232 So.2d 879, 885 (La.App. 1st Cir.1970); Pounds v. Yancy, 224 So.2d 1, 4-5 (La. App. 1st Cir.), writ denied, 254 La. 810, 227 So.2d 145 (1969); De Salvo v. Waguespack, 187 So.2d at 491.
This court, in Mitchell v. Jackson, 250 So.2d 540, 542 (La.App. 3 Cir.1971), also stated:
When the plaintiff allowed his suit to be dismissed because of non-action for a period in excess of five years, he also abandoned his right to judgment for the amount deposited in the Registry of the Court. Plaintiff did not accept the tender made by defendant and thus abandoned any right he may have had to it when he allowed his suit to be dismissed. As a consequence, the parties are placed in the same position in which they were prior to the filing of suit. A suit dismissed is the same as if it had never been instituted and the rights of the parties are in the same situation as they were before inception of the suit. State v. C.S. Jackson & Co., 145 La. 250, 82 So. 213; McMillan v. Lorimer, 160 La. 400, 107 So. 239. A dismissal of suit as of non-suit restores matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint. Neal v. Hall, La.App., 28 So.2d 131.
Interpreting the foregoing, we conclude that the defendant was entitled to the return of her tender and that the plaintiff, barring prescription, may commence his actions (claim in Suit No. 57,781) as if the original suit had never been filed. The tender by the defendant was no more than an admission of liability to a specified amount and certainly the plaintiff could have obtained judgment for the amount admitted owing, if he had so desired. However, he refused the tender and abandoned any claim he may have had to it by allowing his suit to be dismissed by lack of action or abandonment during the five year statutory period. When the suit was declared abandoned and dismissed, he had no further claim to the amount deposited in the court except through the filing of a new suit for the same cause of action, provided prescription has not run on his claim. We, of course, express no opinion on the question of prescription.
Defendant argues the legislative purpose underlying enactment of La.Code Civ.P. art. 561 was "to put an end to the practice of filing suit to interrupt prescription, and letting the suit hang perpetually over the head of the defendant unless he himself should force the issue." We agree this was, at least in part, a motivating reason for the adoption of La.Code Civ.P. art. 561. However, interruption of prescription was not the compelling factor prompting plaintiff to rush to the court house in this instance. The 10 year prescriptive period controlling the filing of plaintiffs contractual action lapsed only by two years when the petition was filed. We are unable to imagine how the spirit and intent of La.Code Civ.P. art. 561, under these circumstances, is frustrated, as defendant contends, if dismissal of plaintiff's suit occurs without prejudice. Our decision to reject defendant's argument is supported, as well, by existing jurisprudence to the contrary.

DECREE
For the foregoing reasons, the judgment appealed from is amended to delete the words "with prejudice." In all other respects the judgment is affirmed. Costs of this appeal are assessed against defendantappellee.
AMENDED AND AFFIRMED.