PAUL A. BONIN, JUDGE
Katharine Archer and her former husband, Pierre Walker, have been engaged in a protracted community property partition. Despite the rendition of a judgment of divorce on September 13, 2004, neither party has yet to file a traversal to the other’s sworn descriptive list. And neither has even sought to compel the filing of the other’s traversal as contemplated by La. R.S. 9:2801 A(2) in order to bring the partition to a conclusion. Instead, the parties have engaged in considerable argument, before a special master and repeatedly before the trial judge, about sundry issues.
The most recent series of arguments resulted in an extensive report by the special master in which he recommended that reimbursement claims (more about them later) asserted by Ms. Archer be ruled abandoned and prescribed. The trial judge then rendered a judgment which adopted the special master’s recommendation that Ms. Archer’s claims were abandoned but not prescribed. Ms. Archer, the appellant, characterizes the judgment as “confusing.”
The trial judge explicitly wrote in the judgment that “[t]his is a final judgment and there is no just reason for delay.” But, importantly, the trial judge failed to furnish us with an “express determination that there is no just reason for delay” for designating the obviously partial judgment as final for the purposes of immediate *333 appeal. See La. C.C.P. art. 1915 B(1).[1] Accordingly, under the authority of R.J. Messinger, Inc. v. Rosenblum, we directed the parties to show cause in writing only why the appeal should not be dismissed because the judgment was not an appeal-able judgment and we thus lacked jurisdiction. 04-1664 (La. 3/2/05), 894 So.2d 1113. See also In re Succession of Scheuermann, 15-0041, pp. 4-5 (La.App. 4 Cir. 5/22/15), 171 So.3d 975, 978-979.[2]
In response to the show cause order, Mr. Walker, the appellee, concedes that the judgment does not satisfy the factors and urges the dismissal of the appeal. Ms. Archer, however, offers us several considerations which she contends satisfy adjudicating the case in a piecemeal fashion. We have reviewed the record, the briefs, and the responses to the show cause order and determine, de novo, that this partial judgment does not merit designation as final for the purpose of immediate appeal. Our determination is primarily based upon our own apprehension about the meaning and effect of a partial judgment which finds a claim abandoned but not prescribed.
Accordingly, we dismiss the appeal. We explain our decision in more detail below.
I
As we understand the situation, Ms. Archer initially filed a suit for divorce on June 6, 2003, in which she mentioned claims against her husband for reimbursement of her separate funds used to acquire community interest in at least one limited liability company. She did not pursue that suit. Mr. Walker, however, subsequently filed a suit for divorce on July 6, 2003. The judgment of divorce was rendered in that suit on September 13, 2004.
Without detailing numerous other filings by the parties during the interim,[3] on October 31, 2013, Ms. Archer filed a sworn descriptive list pursuant to La. R.S. 9:2801 A. Within that list, she included her claims against her former husband for reimbursement of amounts exceeding $1,000,000 which, she asserts, were her separate funds used to establish a limited liability company, wholly owned by the community, which in turn acquired immovable properties in Orleans Parish. A spouse is, of course, entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. See La. Civil Code art. 2367.[4] A reimbursement *334 claim is expressly allowed to be asserted in the partition of community property proceedings. See La. R.S. 9:2801 A.[5] The period of liberative prescription for such a reimbursement claim, being a personal action, is ten years. See La. Civil Code art. 3499 (“Unléss otherwise provided by legislation, a personal action is "subject to a liberative prescription of ten years.”). See also Davis v. Gravois, 13-0439, p. 7 (La.App. 4 Cir. 9/25/13), 125 So.3d 541, 546.
The legal regime of community property is terminated by inter alia a judgment of divorce. See La. Civil Code art. 2356. And “[a] judgment of divorce terminates a community property regime retroactively to the date of filing of the petition in the action in which the judgment of divorce is rendered.” La. Civil Code art. 159. But until the rendition of the judgment of divorce, the prescriptive period is suspended between spouses “during marriage.” La. Civil Code art. 3469. Thus, the period of suspension, here the time until the rendition of the judgment itself, is not counted toward the accrual of prescription. See La. Civil Code art. 3472, See also Ansardi v. Louisiana Citizens Prop. Ins. Corp., 11-1717, 12-0166, p. 21 (La.App. 4 Cir. 3/1/13), 111 So.3d 460, 472.[6]
Here, Ms. Walker timely asserted her reimbursement claims under Article 2367 within ten years of the date of the rendition of the judgment of divorce. And,, of course, that is precisely what the trial judge decided in the partial judgment. Ms. Archer does not object to that finding and Mr. Walker did not appeal or answer the appeal. See La. C.C.P. arts. 2121, 2133 A. Thus, we consider what effect, if any, is the trial judge’s determination that Ms. Walker’s reimbursement claims are “abandoned.”
II
Importantly, when a suit is dismissed under Article 561 A(3) of the Louisiana Code of Civil Procedure, the dismissal is “without prejudice” not “with prejudice.” See Johnson v. American Bell Fed. Credit Union, 14-2551, p. 1 (La. 3/27/15), 164 So.3d 182 (per curiam); Tasch, Inc. v. Horizon Group, 08-0635, p. 4 (La.App. 4 Cir. 1/7/09), 3 So.3d 562, 565; Roberts v. New Orleans Symphony, 03-2206, p. 10 (La.App. 4 Cir. 9/1/04), 883 So.2d 452, 458 (“It is well settled that the dismissal of a suit on the grounds of abandonment is a dismissal without prejudice.”); De Salvo v. Waguespack, 187 So.2d 489, 490 (La.App. 4th Cir. 1966) (“Nowhere in C.C.P. art. 561 is there any authorization granted a trial judge to dismiss an action with prejudice.”).
*335 The only prescriptive effect on a claim asserted in ■ a suit which is dismissed without prejudice on the grounds of abandonment ' is that the pendency of the abandoned suit does not interrupt the prescriptive period for the claim. See La. Civil Code art. 3463 (“Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action .at any time either before the defendant has made any appearance of reeord or thereafter, or fails to prosecute the suit at trial.”). See, e.g., Escoffier v. City of New Orleans, 06-1005 (La.App. 4 Cir. 4/11/07), 957 So.2d 216. Cf. Pontchartrain Materials Corp. v. Quick Recovery Coatings Services, Inc., 10-1476, 10-1477 (La.App. 4 Cir. 5/6/11), 68 So.3d 1113.
Thus, a dismissal without prejudice, or non-suit, merely “restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint.” Neal v. Hall, 28 So.2d 131, 133 (La.App. 2d Cir.1946) (emphasis added). Because the parties are restored to the position they had before the pendency of the abandoned lawsuit, a plaintiff may re-file his lawsuit or re-assert his claim in a new proceeding “provided prescription has not run on [the] claim.” Total Sulfide Services, Inc. v. Secorp Indus., Inc., 96-589, p. 3 (La.App. 3 Cir. 12/11/96), 685 So.2d 514, 515. There, the applicable prescriptive period was ten years because the claim was a contractual one. See id., p. 4, 685 So.2d at 515. The suit was filed within two- years of the running of prescription but the suit was deemed abandoned seven years later; but because the ten-year prescriptive period had not yet elapsed, the plaintiff was free to file a new suit. See Total Sulfide Services, 96-589, p. 3, 685 So.2d at 515., Accord, Johnson v. American Bell Fed. Credit Union, supra.
“In other words, the abandonment which results as a consequence of a plaintiffs failure to take any action in his suit during a period of five [ — now three — ] years merely bars his right to continue with the prosecution of that suit” Losch v. Greco, 173 La. 223, 228, 136 So. 572, 573 (1931) (emphasis added). Importantly for our purposes, however, “[i]t does not prevent his bringing another suit, for the same cause of action; but, if he brings, another suit for that same cause of action, the question of whether his right-of action is barred by prescription must be determined as if no suit had been theretofore brought.” Losch, 173 La. at 228, 136 So. at 573-574.
Thus, assuming for the purposes Of this discussion that Ms. Archer’s earlier lawsuit asserted an Article 2367 reimbursement claim and further assuming that it was properly dismissed as abandoned, we clearly see that any such abandonment has no effect on the timeliness of her reimbursement claim made in the partition proceeding. That is, we already, in Part I, ante, answered the question that her right of action for reimbursement was not barred by prescription just as the trial judge had determined. And, on that account, a pronouncement that a claim, not prescribed at the time it is asserted in a subsequent lawsuit, was first asserted in an abandoned lawsuit is meaningless.
Ill
When, as here, the trial court has failed to give explicit reasons “on the record” for its determination, we will review the certified judgment de novo. Messinger, 04-1664, pp. 2-3, 894 So.2d at 1115. In such a circumstance, when the basis for the propriety of the certification is not apparent, we may either request a per curiam from the trial judge to assist us in further examining the issue, or, as we *336 elected to do, issue a rule to show cause to the parties to explain why the appeal should not be dismissed for failure to comply with La. C.C.P. art. 191S. Id., p. 14, 894 So.2d at 1122. The four non-exclusive factors suggested in Messinger to aid in evaluating the propriety of the certification are (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the trial court might be obliged to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. See id. The overriding inquiry for us, as it is for the trial court, is “whether there is no just reason for delay.” Id., p. 14, 894 So.2d at 1122-1123.
At the outset of our review of these factors in this case, especially in light of the arguments made by Ms. Archer about the consideration of these factors, we observe that Ms. Archer’s argument assumes that the effect of the portion of the partial judgment which she deems objectionable would be to deprive her of introducing evidence of her reimbursement claims at the trial of the partition suit. We, however, have found nothing in the eighteen-volume record that impels us to such a conclusion. Neither the partial judgment itself nor the trial judge’s lengthy written reasons for judgment suggest the effect which Ms. Archer fears but which even she admits uncertainty about. The parties have not pointed us toward any explicit determination by the trial judge. Moreover, we have not identified any pre-trial motion in li-mine restricting Ms. Archer’s proof.
We turn now to weigh the factors suggested by Messinger along with other pertinent considerations in answering the overriding inquiry which is, as it would have been for the trial court, “whether there is no just reason for delay.” Messinger, 04-1664, p. 14, 894 So.2d at 1122-1123.
The first suggested factor is the relationship between the adjudicated and unadjudicated claims. See id., p. 14, 894 So.2d at 1222. In our review of the partial judgment, we are unable to conclude that the judgment “adjudicated” any claim, especially Ms. Archer’s Article 2367 reimbursement claim. The partial judgment did not dismiss any claim. To the contrary; the partial judgment only determined that the reimbursement claim was not prescribed, a determination that the appellee, Mr. Walker, as we have noted, did not appeal. Ms. Archer seeks “clarification” of the partial judgment; ‘ our role, however, is “correction.” See Rousset v. Smith, 14-1409, p. 23 (La.App. 4 Cir. 9/23/15), 176 So.3d 632, 646. The characterization that the reimbursement claim is “abandoned” is, as we concluded in Part II, ante, meaningless. Pointedly, at least as it involves the portion of the partial judgment appealed, there is no “adjudicated” claim and, so far as we can discern, nothing for us to correct at this time.
In essence, appellate review of this partial judgment then is “deprived of practical significance”; it would be “abstract or purely academic.” Perschall v. State, 96-0322, pp. 17-18 (La. 7/1/97), 697 So.2d 240, 253, citing La. Associated General Contractors, Inc. v. State, 95-2105, p. 10 (La. 3/8/96), 669 So.2d 1185, 1193; American Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So.2d 158, 162 (La.1993).
Moreover, as a practical matter, we cannot overlook that the second factor, the possibility that the need for review might or might not be mooted by future developments in the trial court, is overwhelming. *337 See Messinger, 04-1664, p. 14, 894 So.2d at 1222. Ms. Archer argues that her reimbursement claims exceed $2,000,000. But her reimbursement for such a large sum may well be mooted because, under Article 2367, “[t]he liability of the spouse who owes reimbursement is limited -to the value of his share of all. community property after deduction of all' community obligations.” The parties, as we have already commented, have not yet even filed their traversals to the other’s detailed descriptive list. There is no prudence in our reviewing this partial judgment when events may well develop that Ms. Archer cannot establish the advances to the community from her separate funds or that the remaining community assets, after payment of community debts, will be sufficient to satisfy her reimbursement claims.
Ms. Archer argues that the third factor, the possibility that the trial court might be obliged to consider the same issue a second time, and the fourth Messinger factor, such miscellaneous considerations as delay, economic and solvency conditions, shortening the time of trial, frivolity of competing claims, expense, and the like, militate toward immediate appellate review because of the inconveniences associated with the possibility that her reimbursement claims might be submitted by proffer without the benefit of evidentiary rulings. But we do not afford this consideration any substance because we do not find that Ms. Archer’s fear is either well-founded or necessarily implied by the terms of the partial judgment.
Accordingly, on our de novo consideration of the foregoing factors, we find that there is just reason for delay, conclude that the trial judge improperly designated the partial summary judgment as final, and accordingly dismiss Ms. Archer’s appeal because she had no right to appeal. An appeal can be dismissed at any time when “there is no right to appeal.” La. C.C.P. art. 2162. See also In re Succession of Scheuermann, 15-0041, p. 12, 171 So.3d at 982.
APPEAL DISMISSED

. La. C.C.P. art. 1915 B(l) reads:
When a court renders a partial judgment or partial summary judgment, or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

. In our Order, we called the parties' attention to Rule 2-12.4 A(3)(a), Uniform Rules-Courts of Appeal, which requires that the jurisdictional statement in an appellant’s brief, when applicable, include "an assertion that the appeal is from a final appealable judgment and, if the appealability is dependent upon a designation by the trial court, a reference to the specific page numbers of the record where the designation and reasons for the designation are to be found ...” (emphasis added). Notably, appellant’s jurisdictional statement did not fully comply with this applicable requirement, and the appellee, despite the provisions of Rule 2-12.5(1), did not address the deficiency in appellant’s brief.

. For example, during this ,interim period Ms. Archer, her attorney, or her CPA, furnished Mr. Walker with two unsigned or unverified descriptive lists which included the reimbursement claims. .Mr. Walker, in turn, attached those lists to his own filings to raise new claims against Ms. Archer.

. Article 2367 provides in pertinent part: “If separate property of a spouse has been used during the existence of the community prop *334 erty regime for the acquisition, use, improvement, or benefit of community property, that spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.”

. La. R.S, 9:2801 A provides in pertinent part:
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules: (emphasis added).

. This accords with the accrual of prescription for actions for claims for contributions to the former spouse’s education or training. See La. Civil Code art. 124 ("The action for contributions made to the education or training of .a spouse prescribes in three years from the date of the signing of the judgment of divorce or declaration of nullity of the marriage.”) (emphasis added).