[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11911

Non-Argument Calendar

_____

FEDERAL EXPRESS CORPORATION,

Plaintiff-Appellee,

*versus*

DIMITAR S. PETLECHKOV,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:15-cv-02565-TWT

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Dimitar Petlechkov appeals from the district court's June 4, 2024 order denying his motion for attorney's fees as a sanction. Because this appeal arises after this case was dormant for several years, we begin with some background.

In August 2016, Federal Express Corporation ("FedEx") filed a first amended complaint against Petlechkov, raising four claims and invoking the district court's diversity jurisdiction. On April 7, 2017, FedEx filed a stipulation of voluntary partial dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) purporting to dismiss only Count 3. In an order entered on December 18, 2017, the district court granted Petlechkov's motion for summary judgment. It noted that FedEx had stipulated to the voluntary dismissal of Count 3 but otherwise did not discuss Count 3. The clerk entered judgment the same day. Petlechkov filed his motion for attorney's fees over six years later.

On appeal, we asked the parties to address whether the April 7, 2017 stipulation was valid and, if not, whether the June 4, 2024 order is final or appealable. Upon review of the responses and the record, we conclude that Count 3 was never resolved and that this appeal is not taken from a final or otherwise appealable order.

Count 3 was never resolved by the parties or the district court. We conclude that the best construction of Petlechkov's summary judgment filings and the December 18, 2017 order and

judgment is that Petlechkov did not request summary judgment on Count 3 because he did not discuss Count 3, and the court did not grant summary judgment as to that claim because it believed that Count 3 had been voluntarily dismissed by the April 7, 2017 Rule 41(a)(1)(A)(ii) stipulation. That stipulation also did not dismiss Count 3 because it did not dismiss an entire "action" as required by Rule 41(a). *See* Fed. R. Civ. P. 41(a); *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 & n.2 (11th Cir. 2023). We also reject FedEx's argument that it abandoned Count 3 because it attempted to resolve that claim through a Rule 41(a)(1)(A)(ii) stipulation and it did not abandon Count 3 in response to trial judge questioning. *See Mid City Mgmt. Corp. v. Loewi Realty Corp.*, 643 F.2d 386, 388 n.2 (5th Cir. 1981) (providing that plaintiffs can abandon claims at trial in response to trial judge questioning).

We also reject Petlechkov's argument that Count 3 was automatically disposed of by operation of Ga. Code Ann. §§ 9-2-60(b), 9-11-41(e), which govern civil practice in Georgia's courts. Those statutes, which provide that an action is automatically dismissed if five years pass without entry of any written order, did not apply because they are procedural and, regardless, Fed. R. Civ. P. 41 governs. *See* Fed. R. Civ. P. 41 (providing for voluntary and involuntary dismissal, including where the plaintiff fails to prosecute its case); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406-07 (2010) (explaining that, where a Federal Rule of Civil Procedure governs an issue that a party argues should be governed by state law, federal courts apply the Federal Rule as long as it can be rationally classified as procedural); *Wright v. Lumbermen's Mut.*

*Cas. Co.*, 242 F.2d 1, 2-3 (5th Cir. 1957) (concluding that a district court was not bound by a Louisiana statute providing that a plaintiff who did not prosecute a case for five years abandoned the case); *Lumbermen's Mut. Cas. Co. v. Wright*, 322 F.2d 759, 765 (5th Cir. 1963) (concluding, in later appeal from the same case, that Rule 41(b) applied instead).

Thus, Count 3 was never resolved, so final judgment was never entered and the June 4, 2024 order is an interlocutory order. *See Supreme Fuels Trading FZE*, 689 F.3d 1244, 1245-46 (11th Cir. 2012) (explaining that we generally only have jurisdiction to review the final decisions of district courts and that an order that disposes of fewer than all claims is not a final decision). The June 2024 order is not appealable under any exception to the general finality requirement because Petlechkov can effectively challenge the order on appeal from an eventual final judgment. *See Johnson v. Jones*, 515 U.S. 304, 311 (1995).

Finally, we decline to construe Petlechkov's notice of appeal as a petition for a writ of mandamus because he has adequate alternative remedies, namely moving for relief below. *See Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997).

Accordingly, this appeal is DISMISSED for lack of jurisdiction, and Petlechkov's motion to construe his notice of appeal as a petition for a writ of mandamus is DENIED. All other pending motions are DENIED as moot.