| | | |
|---|---|---|
| **DARLENE BRADFORD GREEN AS SUCCESSION REPRESENTATIVE OF HAZEL BRADFORD (DECEASED)** | * | **NO. 2025-CA-0649** |
| | * | |
| | | **COURT OF APPEAL** |
| | * | |
| | | **FOURTH CIRCUIT** |
| **VERSUS** | * | |
| | | **STATE OF LOUISIANA** |
| **ACADIAN AMBULANCE SERVICE INC., UNKNOWN DRIVER, AND ABC INSURANCE COMPANY** | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-03573, DIVISION "A-16"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *
(Court composed of Judge Rosemary Ledet, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

Larry Mose Aisola, Jr.
Larry M. Aisola, Jr., L.L.C.
8352 Lafitte Court, Suite B
Chalmette, LA 70043

    COUNSEL FOR PLAINTIFF/APPELLANT

Jennifer R. Buckingham
Madeline Smith
Christopher G. Walker
GALLOWAY JOHNSON TOMPKINS BURR & SMITH, APLC
701 Poydras Street, 40th Floor
New Orleans, LA 70139

    COUNSEL FOR DEFENDANT/APPELLEE

            **APPEAL DISMISSED**
            **February 13, 2026**

*RML*

*DNA*

*NEK*

This is a personal injury action. Plaintiff/Appellant—Darlene Bradford Green ("Ms. Bradford") as Succession Representative of Hazel Bradford (Deceased)—appeals the trial court's April 1, 2025 judgment,[1] granting the *Ex Parte* Motion to Dismiss as Abandoned filed by Defendant/Appellee—Acadian Ambulance Service, Inc. ("Acadian"). For the reasons that follow, we dismiss the appeal as untimely.

**Factual and procedural background**

According to the petition, in April 2018, Hazel Bradford was being transported by ambulance when the unknown driver struck something in the road. As a result, Hazel Bradford was tossed around and sustained injuries, including a broken hip. Three months later, Hazel Bradford died. In April 2019, Ms. Bradford, as her mother's succession representative, filed this suit against Acadian as the ambulance's owner and operator. Acadian answered the petition, and the parties engaged in discovery.

---

[1] As discussed elsewhere in this opinion, the trial court signed the judgment on April 1, 2025; the trial court mailed the judgment on April 4, 2025, as stated on the Notice of Signing of Judgment contained in the record.

Thereafter, in July 2024, Acadian filed an *ex parte* motion to dismiss with prejudice on the basis of abandonment pursuant to La. C.C.P. art. 561. In its motion, Acadian alleged that no party had taken any step in the prosecution of this matter for more than three years. Although Acadian supported its *ex parte* motion with its counsel's affidavit and requested an *ex parte* order of dismissal, the trial court denied the motion. In so doing, the trial court found a contradictory hearing was required.[2] In response, Acadian filed a rule to show cause why its motion to dismiss should not be granted. Following several continuances, the trial court held the contradictory hearing in March 2025. At the close of the hearing, the trial court orally ruled in Acadian's favor, granting the motion to dismiss, but dismissing without prejudice. This appeal followed.

**Discussion**

A trial court's granting of an order of dismissal under La. C.C.P. art. 561 is a final, appealable judgment. *See Coleman v. Bd. of Dirs. of Eastover Prop. Owners Ass'n*, 23-0233, p. 3 (La. App. 4 Cir. 9/21/23), 372 So.3d 829, 831 (citation omitted), *writ denied*, 23-01405 (La. 1/10/24), 376 So.3d 131. Likewise, a trial court's denial of a motion to set aside such a dismissal is a final, appealable judgment. *Id.* at pp. 3-4, 372 So.3d at 831-32. "[A]n appeal of an order of dismissal may only be taken within sixty days of the date of the clerk's mailing of the order

---

[2] The jurisprudence has held that it is error for a trial court to order a contradictory hearing when an *ex parte* motion for abandonment is supported. *See Feingerts v. Feingerts*, 25-0397, p. 8 (La. App. 4 Cir. 8/19/25), 420 So.3d 264, 270. But, Acadian's motion requested that the dismissal be with prejudice. The jurisprudence also has held that abandonment only results in a dismissal without prejudice. *Williams v. Montgomery*, 20-01120, p. 11 (La. 5/13/21), 320 So.3d 1036, 1044 (quoting *Walker v. Archer*, 16-0171, 16-0172, 16-0173 (La. App. 4 Cir. 10/5/16), 203 So.3d 330, 334-35). Indeed, the trial court's April 1, 2025 judgment, granting Acadian's motion to dismiss, dismissed this suit without prejudice.

of denial of a motion to set aside or within sixty days of the date of the sheriff's service of the order of dismissal." *Id*. at p. 3, 372 So.3d at 831 (citing La. C.C.P. art. 561). This special appeal deadline for abandonment, codified in La. C.C.P. art. 561 (A),[3] supersedes the general appeal deadlines. *See Stogner v. Toyota Motor Sales, U.S.A., Inc*., 23-1234, p. 5 (La. App. 1 Cir. 6/3/24), 392 So.3d 377, 380 (observing that La. C.C.P. art. 561 "provides the exclusive procedure for a judgment dismissing an action on the basis of abandonment" and that "there can be no motion for new trial from a judgment or order of dismissal on the basis of abandonment") (citation omitted).

Although neither party raised the issue of whether this appeal is timely, an appellate court has a duty to examine, on its own motion, whether subject matter jurisdiction exists. *See La.-Annunciation Condo. Ass'n v. Kennedy*, 23-0327, p. 5 (La. App. 4 Cir. 11/16/23), 377 So.3d 804, 809 (quoting *Dooley v. C.J. Johnson Home Improvement*, 22-0011, p. 3 (La. App. 4 Cir. 4/13/22), 338 So.3de 497, 499). Without a timely motion for appeal, an appellate court lacks jurisdiction over the appeal. *Id.*

---

[3] La. C.C.P. art. 561 (A)(3) provides:

> A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

La. C.C.P. art. 561 (A)(4) provides:

> An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

Following the docketing of this appeal, this Court issued a rule to show cause, in writing only, why this appeal should not be dismissed as untimely. In response, Ms. Bradford's counsel acknowledged the applicable deadline for filing the notice of appeal was sixty-days from the date of mailing of the trial court's Notice of Signing of the Judgment granting Acadian's motion to dismiss (the "Notice").[4] But, Ms. Bradford's counsel asserted that the deadline was met because the Notice was "verified and mailed on April 15, 2025." Her counsel also cited the Notice of Appeal in which counsel asserted that "[j]udgment was rendered in open court on March 14, 2025. The judgment was signed April 1, 2025, and mailed on April 15, 2025." We find this argument unpersuasive; the record reflects that the date of mailing of the Notice, as typed on the Notice, is April 4, 2025.

A certification of notice of signing of judgment is required to certify the date of mailing of the notice of judgment. *See* La. C.C. P. art. 1913 (D) (providing that "the clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed"). In the Civil District Court for the Parish of Orleans ("CDC"), a customary form of "Notice of Signing of Judgment" is used. *See Sarasota, CCM, Inc. v. Supreme Quality Transp., LLC*, 23-0658, p. 7 (La. App. 4 Cir. 3/6/24), 385 So.3d 307, 312 (observing that the record contained "the notice of signing of judgment, which included the minute clerk's signature that the judgment was mailed on [a certain

---

[4] By setting the matter for contradictory hearing, the trial court, in essence, treated Ms. Bradford's opposition to the motion as a motion to set aside the dismissal. *See Coleman, supra*.

4

date]" and that "[t]his is the customary notice and mailing certification for [CDC]").

Here, the trial court used the customary CDC form of Notice of Signing of Judgment; the Notice contained the following statement, located on the lower left-hand side:

> In accordance with Article 1913 C.C.P.,[5] you are hereby notified that Judgment in the above entitled and numbered cause was signed on April 1, 2025.
>
> New Orleans, Louisiana
> April 4, 2025[[6]]

Discussing two similar customary CDC Notices of Signing of Judgment, this Court in the *Gilberti* case made the following three observations:

- "[T]he bottom of each notice contains two dates. The first date is labeled as the date the judgment was signed. The second date is underlined and appears after the words 'New Orleans, Louisiana.'" *Id.* at p. 6, 351 So.3d at 804;

- "[T]he second, underlined date 'is considered by this Court as the date of mailing of notice of judgment when screening appeals for timeliness.'" *Id.* (citation omitted); and

- "In the absence of any countervailing evidence by [Appellant], we find no reason to question that the date set forth on the . . . notice of signing of judgment is the date of mailing. . . . We find *Schiff* [*v. Pugh*, 22-00210 (La. 4/12/22), 335 So.3d 830,] distinguishable as the appellant therein disputed the date of mailing by producing sufficient evidence of delayed receipt of the judgment on appeal, while no party to this case has done so." *Id.* at pp. 7-8, 351 So.3d at 804-05.

So too here.

---

[5] La. C.C.P. art. 1913 (A) states that the notice of judgment "shall be mailed or delivered in open court by the clerk of court to the counsel of record for each party, and to each party not represented by counsel."

[6] On the right-hand side of the Notice appears the law clerk's (minute clerk scratched out) signature. Likewise, in *Gilberti v. Gilberti,* 22-0291, p. 6 (La. App. 4 Cir. 11/2/22), 351 So.3d 800, 804, the two notices we discussed were each signed by a "law clerk" rather than a "minute clerk."

5

The second, underlined date on the Notice after the words "New Orleans, Louisiana"—April 4, 2025 date—is the date of mailing. *Gilberti*, 22-0291, pp. 6-8, 351 So.3d at 804-05. Ms. Bradford's counsel's argument that the verified and mailing date is April 15, 2025 is not countervailing evidence to the contrary. *See State v. Serigne*, 24-0107, 0218, p. 8 (La. App. 4 Cir. 2/12/25), 409 So.3d 258, 264 (internal quotations marks omitted) (observing that "[a]rgument of counsel, no matter how artful, is not evidence") (quoting *JoAnn Place v. Ricard*, 22-0456, p. 12 (La. App. 4 Cir. 12/27/22), 356 So.3d 518, 527).

Regardless, Ms. Bradford's counsel's attempt to link the verified and mailing dates is misplaced. The Notice, on the lower right-hand side, was stamped "VERIFIED." Below that stamp is the handwritten date April 15, 2025; above that stamp is a minute clerk's signature. An identical VERIFIED stamp appears on the signed April 1, 2025 judgment. These VERIFIED stamps are unrelated to the date of mailing. Verifying and mailing are different acts. Verify means either "to establish the truth, accuracy, or reality of" or "to confirm or substantiate in law by oath." MERRIAM-WEBSTER, https://www. merriam-webster.com/dictionary/verify (last visited Feb. 12, 2026). Here, mailing means to send the document to the attorneys, as mandated by La. C.C.P. art. 1913 (A). The date of mailing, as established by the typed date on the Notice, is April 4, 2025.

Again, under La. C.C.P. art. 561 (A)(4), an appeal from an order of dismissal must be taken within sixty days from the date of mailing of the notice of the court's ruling. Here, the record establishes that the date of mailing of the Notice is April 4, 2025. The sixtieth day after the date of mailing of the Notice is Tuesday, June 3, 2025; this was the last day to file an appeal. Ms. Bradford's motion for appeal was filed on Sunday, June 8, 2025. This appeal is untimely.

## <u>DECREE</u>

For the foregoing reasons, this appeal is dismissed for lack of jurisdiction given it is untimely.

**APPEAL DISMISSED**