960 So.2d 155 (2007)
Carolyn ELLISON
v.
Randall ELLISON.
No. 2006 CA 0944.
Court of Appeal of Louisiana, First Circuit.
March 23, 2007.
*156 Anthony T. Marshall, Gonzales, Counsel for Plaintiff/Appellant Carolyn Ellison.
Ronnie J. Berthelot, Baton Rouge, Counsel for Defendant/Appellee Randall Ellison.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
McCLENDON, J.
Plaintiff, Carolyn Ellison, appealed the trial court's judgment in favor of defendant, Randall Ellison, which dismissed plaintiff's action for nullity of a prior judgment based on fraud or ill practice. We affirm.

PROCEDURAL AND FACTUAL BACKGROUND
Mr. Ellison and Ms. Ellison were divorced by judgment signed on June 28, 1996. On October 23, 1996, Ms. Ellison, represented by Mr. Ronnie Palmer, filed a pleading praying for various actions, including a partition of the community property. Admittedly, Ms. Ellison resided in Georgia for the majority of a three year period from 1997 through 2000, and neither she nor Mr. Ellison had contact with each other. While she was working in Georgia, she took periodic trips back to the former marital residence in Louisiana (marital home), where her sister also resided for a period of time.
On March 15, 1999, Mr. Ellison filed a petition for settlement of the community property. At some point during the proceedings, Mr. Ellison claimed that he did not know the whereabouts of Ms. Ellison, and asked the court to appoint Ms. Ellison's attorney of record, Mr. Palmer, as a curator ad hoc. It is undisputed that the appointment was made, and Mr. Palmer was served with Mr. Ellison's petition on March 23, 1999. On July 26, 1999, Mr. Palmer died. While Ms. Ellison was in Louisiana, she saw the Palmer obituary, but did not contact Mr. Palmer's office to determine the status of her suit. Subsequently, another curator was appointed to replace Mr. Palmer. Mr. Ellison provided the curator with the same last known address for Ms. Ellison that he had given to Mr. Palmer, that is, Baton Rouge, LA. However, the specific municipal address *157 for the marital home was not given by Mr. Ellison. The second curator reported that he was unable to locate Ms. Ellison. After a trial on the merits on the partitioning of the community, a judgment, awarding Mr. Ellison the marital home and furnishings, was signed on June 13, 2000.
On January 29, 2004, more than four years after the service of Mr. Ellison's petition on Mr. Palmer, Ms. Ellison filed a petition to annul the 2000 judgment. She asserted that the judgment awarding Mr. Ellison the marital home was obtained through fraud or ill practice. Specifically, she alleged that: she was unaware of the 2000 judgment until she was evicted from the marital home in 2003; she did not receive notice of the 1999 petition to settle the community; she was not an absentee; and Mr. Ellison, who had actual knowledge that she resided at the former marital residence, intentionally failed to advise either Mr. Palmer or the second curator of that address. In response, Mr. Ellison filed several exceptions, including the peremptory exception raising the objection of prescription.
After a hearing on the exceptions, the trial court took the matter under advisement. In the trial court's reasons for judgment, the court found that Ms. Ellison had not met her burden to show that she was readily available to be personally served in Louisiana, noted that her attorney had been served, and granted the exception of prescription. A judgment dismissing Ms. Ellison's petition to annul was signed on May 30, 2006.
Ms. Ellison appealed and assigned error to the trial court's grant of the exception of prescription. Thus, the issue is whether the petition was timely filed.

APPLICABLE LEGAL PRECEPTS
"A final judgment obtained by fraud or ill practices may be annulled." LSA-C.C.P. art. 2004 A. However, the action "must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices." LSA-C.C.P. art. 2004 B. The one year limitation to file an action to annul is a period of peremption.[1]
The burden of proof to show that a nullity action was brought within one year of the discovery of the fraud or ill practice is upon the plaintiff. Gennuso v. State, 339 So.2d 335, 338 (La.1976); Zatzkis v. Zatzkis, 632 So.2d 307, 316 (La.App. 4 Cir.1993), writs denied, 94-0157, 94-0159, 94-0160 & 94-0976 (La.6/24/94), 640 So.2d 1340 and 94-0993 (La.6/24/94), 640 So.2d 1341. The date of discovery is the date on which a plaintiff either knew, or should have known through the exercise of reasonable diligence, of facts sufficient to "excite attention and put the [plaintiff] on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead." Campo v. Correa, 2001-2707, p. 12 (La.6/21/02), 828 So.2d 502, 510-11; Kambitsis v. Schwegmann Giant Supermarkets, Inc., 95-478, pp. 4-5 (La.App. 5 Cir. 11/15/95), 665 So.2d 500, 502, writ denied, 95-3016 (La.2/9/96), 667 So.2d 540, cert. denied, 519 U.S. 907, 117 S.Ct. 268, 136 L.Ed.2d 191 (1996). However, a "plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription" or peremption. *158 Campo, 2001-2707 at p. 12, 828 So.2d at 511. Thus, the primary issue is the reasonableness of the plaintiff's action or inaction. Id.; Miley v. Consolidated Gravity Drainage District No. 1, 93-1321, p. 9 (La.App. 1 Cir. 9/12/94), 642 So.2d 693, 698.

ANALYSIS
The burden of proof was on the plaintiff, Ms. Ellison. Even assuming for the sake of argument that Mr. Ellison's failure to provide the municipal address, and his request to have Ms. Ellison's attorney of record appointed as a curator, were fraud or ill practice, we cannot say that the trial court erred in finding that the nullity action was not timely filed. By July or early August of 1999, Ms. Ellison had knowledge of facts sufficient to excite a further investigation. She knew that her rule to partition the community had been pending since 1996, she knew that she had been primarily residing out of Louisiana from 1997 until 2000, and she was aware in late July or early August that her attorney, who represented her in the divorce proceedings and filed the action requesting partition, had died on July 26, 1999. Despite that knowledge, she did not contact Mr. Palmer's office to inquire about the status of the community property or her pending action. By the time that she admittedly read her attorney's obituary, he had been served as the curator ad hoc with Mr. Ellison's petition to settle the community. Thus, the trial court could have reasonably found that, for more than one year prior to her filing the petition to annul, Ms. Ellison had sufficient knowledge to excite further inquiry and a reasonable opportunity to discover Mr. Ellison's failure to provide the municipal address of the marital home, and eventually, to discover the judgment partitioning the marital home.
For these reasons, we find no error in the judgment of the trial court dismissing the nullity action, and we affirm. The costs of the appeal are assessed to plaintiff-appellant, Ms. Carolyn Ellison.
AFFIRMED.
GUIDRY, J., concurs in the result.
NOTES
[1] The time limitation governing LSA-C.C.P. art. 2004 is a peremptive period, not a prescriptive one. A.S. v. M.C., 96-0948, p. 9 n. 5 (La.App. 1 Cir. 12/20/96), 685 So.2d 644, 648 n. 5, writ denied, 97-0213 (La.3/14/97), 690 So.2d 38. However, the outcome of the suit is not affected. Whether analyzed as prescription or peremption, the principles of the discovery rule and the analysis are the same.