WINDHORST, J.
| plaintiffs, Patrick Kent Lindsey Jones and Jennifer Elizabeth Jones (the Jones Children[1]) appeal from a ruling of the trial court granting exceptions of res judicata and peremption in favor of defendant Allen Kent Jones, and defendants Quantum Resources Management, LLC, Pioneer Natural Resources USA, Inc., Cimarex Energy Company of Colorado, Edward Oil Co., and White Oak Resources VI, LLC. We affirm the ruling of the trial court.
In addition, White Oak Resources VI, LLC has filed an exception of no cause of action in this Court. Having affirmed the ruling of the trial court, which dismissed all claims in the plaintiffs’ petition with prejudice, we find that the exception filed by White Oak Resources VI, LLC is moot.
FACTS and PROCEDURAL HISTORY
In this proceeding, the Jones Children seek to nullify a judgment of possession rendered on August 27, 1999, alleging that it was obtained by fraud or ill practices, and further seek renunciation of usufructu-ary rights and return of income derived from those usufructuary rights. The relevant facts leading to this proceeding are the following.
On May 30, 1989, Elizabeth Corrine Jones, wife of Allen Kent Jones and mother of Patrick Kent Lindsey Jones, Jennifer Elizabeth Jones and Jacqueline A. L. Jones, died testate in the State of Texas. In her will, Mrs. Jones bequeathed all of her property, both community and separate, to her surviving spouse, Allen Kent Jones. At the time of her death, Mrs. Jones was the owner of property in Lafitte, which was her separate property. At this time, Louisiana law provided that all children of the deceased, regardless of age, wére forced heirs.
According to the Jones Children, Mrs. Jones’ separate property was not included in the succession proceedings in Texas. On August 27, 1999, Mr. Jones Land the three children filed a “Petition for Ancillary Probate of Foreign Testament and for Possession” in the 24th Judicial District Court, No. 543-542. The trial court rendered judgment recognizing that the Jones Children were Mrs. Jones’ forced heirs to her separate property in Louisiana. The trial court recognized that Mr. Jones was the universal legatee of Mrs. Jones and that *858 the children were the forced heirs with the right to reduce the universal bequest made by Mrs. Jones to Mr. Jones. The court reduced the universal bequest, finding that Mr. Jones was entitled to possession of the disposable portion and to usufruct for life of the forced portion of the Mrs. Jones’ Louisiana estate. The Jones Children were placed in possession of the forced portion, subject to their father’s usufruct.
Prior to the filing of the ancillary probate proceedings, the State of Louisiana, Office of Conservation, established, CRIS 2 RA SUA Unit (the Unit). Mrs. Jones’ separate property was included within the Unit. The Unit contained two oil wells. The Mayronne No. 1 well began producing in 1996, and the Mayronne No. 2-Alt well began producing in 2000. Quantum Resources Management, LLC and Milagro Producing were the owners of several oil, gas, and mineral leases and were the operators of the Unit.
On April 29, 2010, Quantum Resources Management, LLC and Milagro Producing (referred to as “Quantum" in the prior proceedings) filed a concursus proceeding to determine the parties with ownership interests and therefore entitlement to production proceeds from the Unit, and deposited the production proceedings into the registry of the court. Mr. Jones and the Jones Children were among the defendants named in the concursus proceeding, and both Mr. Jones and the Jones Children asserted claims to a portion of the funds deposited in the registry of the court. Subsequently, Mr, Jones filed a motion for summary judgment, arguing that he was entitled as usufructuary to the proceeds attributable to the Children’s naked ownership interests. One of the Jones Children, Jennifer | sElizabeth Jones, filed a cross-motion for summary judgment alleging that the naked owners were entitled to the proceeds. On appeal, this Court found that Mr. Jones, as usufructu-ary, was entitled to the proceeds deposited in the registry of the court. Quantum Res. Mgmt., L.L.C. v. Pirate Oil Corp., 12-256, 12-338 (La. App. 5 Cir. 11/13/12), 105 So.3d 867, writ denied, 13-0084 (La. 03/08/13), 109 So.3d 361.[2]
During the pendency of the concursus proceedings, on September 9, 2010, the Jones Children filed a “Petition for Annulment of Judgment Obtained by Fraud or Ill Practices,” seeking to annul the August 27, 1999 judgment that granted Mr. Jones usufruct over their naked ownership of their mother’s separate property, Jennifer Elizabeth Jones and Patrick Kent Jones v. Allen Kent Jones and Jacqueline A. L. Jones, 24th Judicial District Court, No. 692-379. In the petition, the Jones Children contended that they had no knowledge of the ancillary succession proceedings, that their signatures were obtained by fraud or were forged, and that it was a conflict of interest for the same attorney to represent both their father and them. They further alleged that awarding them naked ownership subject to Mr. Jones’ usufruct, rather than full ownership, impinged on their legitime. However, the *859 Jones Children did not proceed in this matter, and the suit was dismissed as abandoned on April 25, 2016.
Plaintiffs initiated the present proceedings by the filing of a “Verified Petition” on February 11, 2016. Named as defendants were Allen Kent Jones and various entities involved in the creation of and/or operation of Mayronne No.l and May-ronne No. 2-Alt wells, including Pioneer Natural Resources USA, Inc., RCimarex Energy Company of Colorado, Quantum Management Resources, LLC, Edward Oil Company, and White Oak Resources VI, LLC. In the petition, the Jones Children sought nullification of the August 27, 1999 judgment of possession, a declaration of full ownership of the disputed property, and return of the proceeds paid to Mr. Jones as usufruct. .
Mr. Jones, Pioneer Natural Resources USA, Inc., and Quantum Resources Management, LLC, filed peremptory exceptions of peremption and res judicata. Pioneer Natural Resources USA, Inc., Cimarex Energy Company of Colorado, and White Oak Resources VI, LLC also filed exceptions of no cause of action and nonjoinder. In addition, Cimarex Energy Company of Colorado, Edward Oil Co. and White Oak Resources VI, LLC filed exceptions of vagueness, ambiguity and nonconformity of petition.
On June 3, 2016, the trial court granted the exceptions of peremption and res judi-cata, dismissing plaintiffs’ claims against all defendants. The remaining exceptions were dismissed as moot.
DISCUSSION
The Jones Children first allege that the trial court erred in granting the exception of peremption. The basis for the claims made by the Jones Children is their allegation that the judgment of possession rendered on August 27, 1999 in the ancillary probate proceedings was obtained by fraud and/or ill practices.
La. C.C.P. art. 2004 provides that a “final judgment obtained by fraud or ill practices may be annulled,” but the action to annul “must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud of ill practices.”
In Succession of Bernat, 13-277 (La. App. 3 Cir. 10/09/13), 123 So.3d 1277, 1286, the court discussed the time limitation set'forth in La. C.C.P. art. 2004:
RThe one-year limitation to file an action to annul a final judgment is a period of peremption rather than prescription. Ellison v. Ellison, 06-944 (La. App. 1 Cir. 3/23/07), 960 So.2d 155. “Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.” La.Civ. Code art. 3458. “Peremption may be pleaded or it may be supplied by a court on its own motion at any time prior to final judgment.” La.Civ.Code art. 3460. “Peremption may not be renounced, interrupted, or suspended.” La.Civ.Code art. 3461.
“The burden of proof to show that a nullity action was brought within one year of the discovery of the fraud or ill practice is upon the plaintiff.” Ellison, 960 So.2d at 157. For the purposes of determining when the one-year period to bring a nullity action begins to run, the date of discovery of the fraud or ill practice is the date on which a plaintiff either knew, or should have known through the exercise of reasonable diligence, of facts sufficient to excite attention and put the plaintiff on guard and call for inquiry, and such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Id.
*860 In this case, it is clear that the Jones Children knew of facts sufficient to excite attention and place them on notice of any potential basis for a petition for nullity on September 9, 2010 when they filed their first petition of nullity which was dismissed as abandoned. This action for nullity was filed over five and one-half years later, clearly outside of the peremptive period of La. C.C.P. art. 2004.
Furthermore, the filling of the first suit did not serve to extend the time for filing of the second suit on the same grounds, since peremption cannot be renounced, interrupted or suspended. The filing of the first suit on September 9, 2010 had no effect on the timing of the filing of the second suit. “When a suit is dismissed under Article 561(A)(3) of the Louisiana Code of Civil Procedure, the dismissal is “without prejudice[.]” Walker v. Archer, 16-0171 (La.App. 4 Cir. 10/05/16), 203 So.3d 330, 334. A dismissal without prejudice, or non-suit, merely “restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint.” Id., citing Neal v. Hall, 28 So.2d 131, 133 (La. App. 2 Cir. 1946). It does not prevent the plaintiff from bringing another suit for the same cause of action; however, the timeliness of the second suit must 16be determined “as if no suit had been theretofore brought.” Id., citing Losch v. Greco, 173 La. 223, 136 So. 572, 573-574 (La. 1931). Applying these precepts, we find that the trial court did not err in finding that this suit was untimely and in granting the exceptions of peremption.
Likewise, we find no error in the trial court’s ruling granting the exceptions of res judicata. La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
In T. P. Homes, Inc. v. Taylor, 08-392 (La.App. 5 Cir. 10/28/08), 1 So.3d 507, 510, this court discussed the test to be applied in determining whether the doctrine of res judicata is applicable:
Based on the language of the above statute, the Supreme Court has established the following five elements that must be satisfied for a finding that a second action is precluded by res judica-ta: “(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.” Burguieres v. Pollingue, 02-1385, p. 7 (La. 2/25/03), 843 So.2d 1049, 1053. Since the 1990 amendment to the res judicata statute, the Supreme Court considers the “chief inquiry” to be “whether *861 the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action.” Chevron U.S.A., Inc. v. State, 07-2469 (La. 9/8/08), 993 So.2d 187 [194], 2008 La. LEXIS 1649, 2008 WL 4118906, *4 (citing Burguieres).
|7In this case, the judgment rendered in the concursus proceeding litigated the issue of whether Mr. Jones or the Jones Children would be entitled to the mineral royalties gleaned from that percentage of the Unit which represented the Children’s naked ownership of property subject to Mr. Jones’ usufruct, as established by the judgment rendered in the ancillaxy probate proceedings, and which is final and no longer subject to an action for nullity on the basis of fraud and/or ill practices. See the discussion of T. P. Homes, Inc. v. Taylor, supra. This is the same claim presented against the various defendants named by the Jones Children in the present suit.
Not all defendants in this suit raised the exception of res judicata. The parties in this suit who raised the exception are the same parties as in the prior concursus proceedings; the cause of action arose out of the same transaction or occurrence that was the subject matter of the prior proceedings; and the cause of action existed at the time of the prior proceedings.
In their appellate brief, the Jones Children assert that the prior judgment in the concursus proceeding was an interlocutory judgment, and therefore res' judicata should not be applied. However, the granting of a motion for summary judgment can be a partial final judgment. La. C.C.P. art. 1915. In this case, the summary judgment in the concursus proceedings resolved the claims to the proceeds raised by the Jones Children, and therefore constitutes a final judgment. We find no error in the ruling of the trial court granting the exceptions of res judicata.
During the pendency of this appeal, White Oak Resources VI, LLC filed an exception of no cause of action. Because the trial court did not err in dismissing plaintiffs’ claims on the basis of peremption and res judicata, this exception of no cause of action is moot..
^CONCLUSION
For the above discussed reasons, we affirm the judgment of the trial court granting the exceptions of peremption and res judicata filed by Quantum Resources Management, LLC, Allen Kent Jones, Natural Resources USA, Inc., Cimarex Energy Company of Colorado, Edward Oil Co. and White Oak VI, LLC, dismissing all claims of Plaintiffs Patrick Kent Lindsey Jones and Jennifer Elizabeth Jones, with prejudice.[3]
In addition, we find that the exception of no cause of action filed by White Oak Resources VI, LLC is moot.
All costs are assessed against plaintiffs, Patrick Kent Lindsey Jones and Jennifer Elizabeth Jones.
AFFIRMED; EXCEPTION OF NO CAUSE OF ACTION MOOT

. Mr. and Mrs. Jones had three' children. Their third child, Jacqueline A. Jones, is not a party in this proceeding.

. At the time of the concursus proceeding, the pertinent provisions of the Mineral Code, provided that if there were no “open mines” on the property at the time of the creation of the usufruct, the naked owners would be entitled to the mineral proceeds. Conversely, if the “open mines” were in production at the time of the usufruct, the usufructuary would be entitled to the mineral proceeds. In this case, production began in the 1990s. Jennifer Jones contended that Mr. Jones' usufruct commenced at the time of Mrs. Jones' death in 1989, Mr. Jones contended that his usufruct began with the judgment of possession rendered in 1999. The trial court granted summary judgment in favor of Jennifer Jones. On appeal, this Court reversed, finding that Mr. Jones’ usufruct was not created until the judgment of possession in 1999.'

. The trial court’s judgment also ruled that the exceptions of no cause of action and failure to join a party needed for just adjudication filed by Cimarex Energy Company of Colorado, Pioneer Natural Resources USA, Inc., and White Oak Resources VI, LLC, as well as the exceptions of vagueness filed by Cimarex Energy Company of Colorado, Edward Oil Co. and White Oak Resources VI were moot. This portion of the judgment was not challenged on appeal.