# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 21-304 consolidated with 21-305


## MIDLAND FUNDING, LLC

## VERSUS

## JOSEPH GILES


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2016-334
HONORABLE ERROL DAVID DESHOTELS, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.


**REVERSED.**


**J. Craig Jones**
**131 Highway 165 South**
**Oakdale, LA 71463**
**(318) 335-1333**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Joseph Giles**

**Craig R. Hill**
**215 West 6th Avenue**
**Oberlin, LA 70655**
**(337) 639-2127**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Joseph Giles**

**Matthew W. McDade**
**Balch & Bingham LLP**
**1310 Twenty-Fifth Avenue**
**Gulfport, MS 39501**
**(228) 864-9900**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Midland Funding, LLC**

**Pickett, Judge.**

Midland Funding, LLC appeals the trial court's judgment denying its motion to strike the debtor's motion for class action certification and granting the debtor's request for certification of his class action. Midland also seeks review of the trial court's denial of its exceptions of peremption, no right of action, no cause of action, res judicata, and improper cumulation of actions. For the following reasons, we reverse the trial court's judgment.

## FACTS AND PROCEDURAL BACKGROUND

In November 2015, Synchrony Bank assigned to Midland Funding, LLC, a debt incurred by Joseph Giles on a WalMart credit card issued to him. On August 16, 2016, Midland filed suit against Mr. Giles to collect that debt. In December 2016, Midland obtained a default judgment against Mr. Giles in the amount of $2,460.25, together with all costs of the proceeding.

On May 30, 2019, Mr. Giles filed a reconventional demand against Midland asserting that Midland did not have a lender license, as required by the Louisiana Consumer Credit Law (LCCL), La.R.S. 9:3510–3577.5, when it obtained the default judgment against him. Mr. Giles sought to have: (1) Midland's judgment against him annulled; (2) his credit card debt declared null and void; (3) Midland enjoined from continuing collection activities with regard to accounts similar to his; and (4) damages and other relief as provided by the LCCL. Mr. Giles also asserted a class action complaint against Midland to allow other debtors against whom Midland sought to collect on assigned debts without having first obtained the appropriate license required by the LCCL. In October 2019, Mr. Giles filed a motion to have the trial court grant his request for class certification.

Midland answered Mr. Giles' petition, denying his claims. It also filed a number of peremptory, declinatory, and dilatory exceptions in which it sought to thwart Mr. Giles' claims on a number of grounds, and a motion to strike his class action and certification allegations. Midland asserts that it is registered as a "notification filer" under La.R.S. 9:3563–3565 which governs collection agencies or debt collectors. It does not originate loans, credit, or other financial products. Instead, it purchases and then collects debts made by other financial institutions. On September 18, 2014, the Louisiana Office of Financial Institutions informed Midland that the LCCL had newly-added provisions requiring that it be issued a lender license by January 1, 2015. That same day, Midland applied for a lender license. Midland asserts that despite its frequent communication with the Office of Financial Institutions, its lender license was not granted until November 22, 2017.

After conducting a hearing, the trial court denied Midland's exceptions and its motion to strike Mr. Giles' class action and certification allegations and granted Mr. Giles' request for class certification. Midland appealed the judgment's grant of class certification, as provided by La.Code Civ.P. art. 592(A)(3)(c), and filed a writ application seeking to have the trial court's denial of its exceptions reversed. We consolidated the two matters for consideration in this appeal.

## ASSIGNMENTS OF ERROR

Midland asserts the following assignments of error in its appellate brief:

I.   The trial court erred in granting class certification for the following three reasons:

   A. The class action vehicle is not superior.

   B. Individual inquiries, not common questions of law or fact, predominate.

   C. Giles is not an adequate or typical class representative.

Midland asserts two assignments of errors in its writ application:

I.  The trial court erred in overruling Midland's Peremptory Exceptions, denying its request to dismiss the Petition[.]

II.  The trial court erred in failing to enforce the Class Action Waiver to Giles' Account and the accounts of many putative class members.

## DISCUSSION

*Peremptory Exceptions*

We address Midland's assigned errors regarding the trial court's denial of its peremptory exceptions first because they may be dispositive of other issues argued by Midland.

Midland asserts that the trial court erred in denying its exception of peremption with regard to Mr. Giles' claim to annul its judgment against him. Midland's exception is based on La.Code Civ.P. art. 2004 which provides that "[a] final judgment obtained by fraud or ill practices may be annulled[,]" if "[a]n action to annul . . . [is] brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices." Article 2004 governs relatively null judgments.

Mr. Giles urges, however, that Midland's judgment is absolutely null based on a provision of the LCCL that declares certain consumer credit transactions are null, void, and unenforceable. The trial court agreed for reasons other than those asserted by Mr. Giles that Midland's judgment is absolutely null and denied the exception. For these reasons, the merits of Midland's exception of peremption is intertwined with its exception of no right of action, and we address the exception of no right of action first.

3

*No Right of Action*

Midland asserts that Mr. Giles does not have a right of action under the LCCL to recover the relief he seeks. The peremptory exception of no right of action, La.Code Civ.P. art. 927(A)(6), is based on La.Code Civ.P. art. 681, which provides that "an action can be brought only by a person having a real and actual interest which he asserts."

> A peremptory "exception of no right of action is a threshold procedural device used to terminate a suit brought by a person who has no legally recognized right to enforce the right asserted." *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary,* 05-2364, p. 4 (La. 10/15/06), 939 So.2d 1206, 1210. Thus, "[t]he exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation." *Badeaux v. Sw. Computer Bureau, Inc.*, 05-612[,] pp. 6-7 (La. 3/17/06), 929 So.2d 1211, 1217.

*Nat'l Collegiate Student Loan Tr. 2006-1 v. Thomas*, 21-90, p. 5 (La.App. 3 Cir. 6/2/21), 322 So.3d 374, 377-78 (alteration in original).

Appellate review of the denial of an exception of no right of action is de novo because it presents an issue of law. *Washington Mut. Bank v. Monticello*, 07-1018 (La.App. 3 Cir. 2/6/08), 976 So.2d 251, *writ denied*, 08-530 (La. 4/25/08), 978 So.2d 369. When reviewing questions of law, appellate courts simply review whether the lower court was legally correct or incorrect. *Foster v. ConAgra Poultry Co.*, 95-793 (La.App. 3 Cir. 2/14/96), 670 So.2d 471, *writ denied*, 96-645 (La. 4/26/96), 672 So.2d 674.

Mr. Giles argues that Midland's judgment is "unenforceable" and "uncollectible" under the LCCL because its judgment against Mr. Giles was "absolutely null." The trial court agreed, citing Articles 7, 2030, and 2032 of the Louisiana Civil Code. Article 7 provides: "Persons may not by their juridical acts

4

derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity." Article 2030 states:

> A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed.
>
> Absolute nullity may be invoked by any person or may be declared by the court on its own initiative.

Lastly, La.Civ.Code art. 2032 provides, in pertinent part: "Action for annulment of an absolutely null contract does not prescribe."

The cornerstone of Mr. Giles' claims is that Midland's suit and judgment against him violate La.R.S. 9:3518.4(A) (emphasis added), which states, in pertinent part:

> (1) A *consumer credit transaction* as defined by R.S. 9:3516(13) . . . *shall be null, void, unenforceable, and uncollectible* as being contrary to the policy of this state *if the creditor has not obtained a license, if required* by this Chapter or R.S. 9:3578.1 et seq., *at the time the transaction is made.*
>
> (2) The *creditor* shall forfeit all loans or transactions proceeds, fees, charges, and other amounts paid in association with the transaction or loan.

Mr. Giles argues that Midland is a creditor under this provision and that Midland's licensure violation renders its judgment against him "null, void, unenforceable, and uncollectible" and "contrary to public policy." These arguments misapply the definition of "creditor" to Midland. "Creditor" has two definitions under the LCCL. It is defined in the alternative with the term "extender of credit" as including "a seller in a consumer credit sale . . . or transaction made with the use of a seller credit card . . . or a lender credit card transaction." La.R.S. 9:3516(18). "Creditor" is also defined as "a subsequent assignee or transferee of the consumer's obligation[.]" *Id.* For purposes of Section 3518.4(A), Midland is

5

only a creditor or extender of credit if it is a seller or lender in a consumer credit transaction. Mr. Giles has not argued or presented evidence that Midland is either a seller or a lender. Specifically, he has not established that Midland was a creditor, i.e., seller or lender, involved in any consumer credit transaction charged to his Synchrony credit card, as required by Section 3518.4. Accordingly, Subsection 9:3518.4(A) does not apply to Midland, and Mr. Giles' claims fail.

Furthermore, if any charges on Mr. Giles' Synchrony credit card were "null, void, unenforceable, and uncollectible" under Section 3518.4(A), Section 9:3518.4(B) would apply to Midland. Subsection (B) applies to anyone "who attempts to enforce or collect pursuant to the agreements nullified by this Section" and subjects them "to fines, penalties, assessments, and applicable administrative and legal actions *at the discretion of the commissioner* within the powers granted to him under this Chapter." La.R.S. 9:3518(B) (emphasis added).

Additionally, for La.Civ.Code arts. 2030 and 2032 to apply to Mr. Giles' claims the contract between Midland and Synchrony had to be a consumer credit transaction. A consumer credit sale is defined as "the sale of a thing . . . purchased primarily for personal, family, or household purposes." La.R.S. 9:3516(12). To qualify as a consumer credit sale, Midland's purchase of Mr. Giles' debt must have included a "credit service charge," and Midland must have been "permitted to defer all or part of the purchase price or other consideration in two or more installments." *Id*. Nothing in the record evidences that Midland's acquisition of Mr. Giles' debt satisfies any of these requirements. To the contrary, the record indicates that it was strictly a commercial transaction between two commercial entities.

Mr. Giles contends that La.R.S 9:3552 supports his claims. Section 3552 outlines the effects that violations of the LCCL have on the rights of the parties to consumer credit transactions and the procedure consumers must follow to enforce the penalty provisions of the LCCL. Unlike Section 3518.4, Section 3552 uses the term "extender of credit" to provide the punishment for "intentional violations" and "violations not caused by good faith errors." As explained above, Midland is not an extender of credit as defined by the LCCL. This argument lacks merit.

For these reasons, Mr. Giles failed to state a right of action against Midland under the LCCL, and the trial court erred in denying Midland's exception of no right of action.

### *Peremption*

The one-year time limitation provided by La.Code Civ.P. art. 2004 to institute an action to annul a relatively null judgment is treated as a period of peremption instead of prescription. *Cariere v. The Kroger Store*, 52,846 (La.App. 2 Cir. 8/14/19), 276 So.3d 1150, *writ denied*, 19-1471 (La. 11/12/19), 282 So.3d 224. "Statutes of peremption destroy the cause of action itself. . . . after the limit of time expires, the cause of action no longer exists; it is lost." *Guillory v. Avoyelles Ry. Co.*, 104 La. 11, 15, 28 So. 899, 901 (1900). *See also, Naghi v. Brener*, 08-2527 (La. 6/26/09), 17 So.3d 919; La.Civ.Code art. 3458.

> The objection of peremption is properly raised by a peremptory exception. La. Code Civ. Pro. Art. 927. Peremption has been likened to the objection of prescription and the rules governing the burden of proof as to prescription also apply to peremption. See La.Civ.Code Art. 3459[.] Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if the plaintiff's claim is perempted or prescribed on its face, the burden shifts to the plaintiff to show the action is not perempted or prescribed. Evidence may be introduced to support or controvert the exceptions of peremption and prescription. See La.Code Civ.Pro. Art. 931. In the absence of evidence, exceptions of peremption and prescription must be decided

on the facts alleged in the petition with all allegations accepted as true. Further, where no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct.

*Nixon v.Nixon*, 20-694, pp. 3-4 (La.App. 1 Cir. 12/30/20), 319 So.3d 315, 318 (case citations omitted).

Under La.Code Civ.P. art. 2004, the plaintiff has the burden of proving that he brought his action to annul a relatively null judgment within one year of the discovery of the fraud or ill practice. For purposes of determining when the one-year period to bring a nullity action begins to run, the date of discovery of the fraud or ill practice is "the date on which a plaintiff either knew, or should have known through the use of reasonable diligence, of facts sufficient to 'excite attention and put the [plaintiff] on guard and call for inquiry.'" *Ellison v. Ellison*, 06-944, p. 4 (La.App. 1 Cir. 3/23/07), 960 So.2d 155, 157 (alteration in original). Discovery of such facts equates "'to knowledge or notice of everything to which a reasonable inquiry may lead.'" *Id.* (quoting *Campo v. Correa*, 01-2707, p. 12 (La. 6/21/02), 828 So.2d 502, 511).

If a defendant does not present evidence showing that he had "a valid and sufficient reason" for failing to defend a suit in which a default judgment was taken against him, he "cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices which could and should have been pleaded in the original suit." *Lyons v. Fontenot*, 344 So.2d 1068, 1071 (La.App. 3 Cir. 1977). *See also, Alexander v. State, Dep't of Children & Family Servs.,* 18-154 (La.App. 3 Cir. 6/6/18), 249 So.3d. 95.

Mr. Giles has not asserted or presented any evidence showing that he had good cause for failing to appear in Midland's suit against him and plead any

affirmative defenses to Midland's original petition. Furthermore, he has not shown that he filed suit within one year of his having knowledge of the facts that are the basis of his nullity claim. Indeed, the record shows that he did not file his petition to set aside Midland's judgment until after the May 2019 dismissal of a suit in which he was identified as a putative class member in another class action suit against Midland based on the same LCCL claims he asserts herein. Mr. Giles urges, however, that the prior class action suit extended the time limitation for him to file suit against Midland after it was dismissed.

Pursuant to La.Code Civ.P. art. 596(A), "[l]iberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein." Mr. Giles' argument disregards the fact that "[p]eremption may not be renounced, interrupted, or suspended." La.Civ.Code art. 3461. Moreover, the earlier class action suit had been filed on June 27, 2017, by Mr. Giles' counsel herein, and counsel's knowledge is imputed to Mr. Giles. *Stevison v. Charles St. Dizier, Ltd.*, 08-887 (La.App. 3 Cir. 3/25/09), 9 So.3d 978, *writ denied*, 09-1147 (La. 10/2/09), 18 So.3d 116. Accordingly, Mr. Giles' cause of action to annul Midland's judgment was peremped in June 2018 before he filed his petition herein.

A judgment sustaining a peremptory exception must allow the plaintiff to amend his petition if the objection at issue in the peremptory exception can be removed. La.Code Civ.P. art. 934. If, however, the objection pleaded by the exception cannot be removed by amending the pleadings, the suit shall be dismissed. *Id*. As Midland argues, it is neither a creditor for purposes of Section 3518.4 nor an extender of creditor for purposes of Section 3552. This objection

cannot be removed by an amendment; therefore, Mr. Giles' claims against Midland are dismissed.

*Class Action*

We have determined that Mr. Giles' has no right of action under the LCCL and that his claim to annul Midland's judgment is perempted and now consider if these determinations impact the trial court's certification of Mr. Giles' class action.

The class action is a procedural device, and the question before the court when reviewing a judgment on class certification is whether it is appropriate for the case before it. *Gautreaux v. La. Farm Bureau Cas. Ins. Co.*, 19-17 (La.App. 3 Cir. 10/2/19), 280 So.3d 694. The likelihood of the plaintiffs succeeding on their claims cannot be considered before deciding the merits of class certification. *Singleton v. Northfield Ins. Co.*, 01-447 (La.App. 1 Cir. 5/15/02), 826 So.2d 55, *writ denied*, 02-1660 (La. 9/30/02), 825 So.2d 1200. Additionally, whether a class is proper does not depend on the existence of a cause of action. *Hampton v. Ill. Cent. R.R. Co.*, 98-430 to 94-435 (La.App. 1 Cir. 4/1/99), 730 So.2d 1091. Nevertheless, courts have dismissed class action suits for failure to state a cause of action before and after class certification. In *Hooks v. Treasurer*, 06-100, 06-541 (La.App. 1 Cir. 5/4/07), 961 So.2d 425, *writ denied sub nom. Hooks v. Kennedy*, 07-1788 (La. 11/9/07), 967 So.2d 507, the court held that because the plaintiff's claim was based on an erroneous interpretation of the statute at issue, the putative class action could not be maintained. *See also, Edmonds v. City of Shreveport*, 39,893 (La.App. 2 Cir. 8/31/05), 910 So.2d 1005, *writ denied*, 05-2324 (La. 3/31/06), 925 So.2d 1255 (the plaintiff's class action was dismissed because the recovery sought was barred by law); *State v. Hamilton*, 03-0556, (La.App. 3 Cir.

11/5/03), 858 So.2d 822; *Sommers v. Secretary, Dep't of Revenue & Taxation*, 593 So.2d 689 (La.App. 1 Cir.1991), *writ denied*, 594 So.2d 877 (La.1992).

Midland is neither a creditor for purposes of Section 3518.4 nor an extender of creditor for purposes of Section 3552 with regard to Mr. Giles' claims, and this objection cannot be removed by an amendment. The same is true of the putative class members' claims; therefore, Mr. Giles' motion for class certification is dismissed.

## DISPOSITION

Midland Funding, LLC's exceptions of no right of action and peremption are sustained, and the trial court's judgment granting certification of Mr. Giles' proposed class action is reversed. Joseph Giles' claims against Midland Funding LLC are dismissed with prejudice, and all costs are assessed to him.

**REVERSED.**